124 So.2d 634 (1960)
Lester E. BORDELON, Individually, etc., Plaintiff-Appellee,
v.
GREAT AMERICAN INDEMNITY COMPANY et al., Defendants-Appellants.
No. 137.
Court of Appeal of Louisiana, Third Circuit.
November 17, 1960.
Rehearing Denied December 14, 1960.
*635 Gravel, Sheffield & Fuhrer, by Leonard Fuhrer, Alexandria, for plaintiff-appellant-appellee.
Stafford & Pitts, by Grove Stafford, Sr., Alexandria, for defendant-appellant-appellee.
Gold, Hall & Skye, Alexandria, by George B. Hall, Alexandria, for defendant-third-party-plaintiffs-appellants-appellees.
Before TATE, FRUGE and HOOD, JJ.
TATE, Judge.
This is primarily a suit for damages arising out of an automobile accident. In the alternative, the plaintiff seeks to recover workmen's compensation benefits.
The plaintiff, Lester Bordelon, is the father of Gene Bordelon, a minor, who was injured on January 8, 1958, as a result of the concededly negligent operation of an automobile driven by Charles Distefano, another minor. The trial court awarded him judgment both individually and also as administrator of his minor son's estate in the total amount of $6,274.09, holding the following defendants solidarily liable: (1) The Great American Indemnity Company, the liability insurer of Distefano's automobile; and (2) McCormick and Company, Inc., the publisher of the Alexandria Town Talk and concededly the employer of Distefano at the time of the accident.[1]
*636 The plaintiff and both defendants appeal. Both defendants cast urge (a) that the injured minor, Gene Bordelon, was contributorily negligent so as to defeat recovery upon his behalf and (b) that the damages awarded were excessive. McCormick, Distefano's employer, further urges that it should not have been held liable in tort, because allegedly at the time of the accident Distefano was not in the scope of his employment. The defendant Great American, urges principally that the plaintiff's exclusive remedy was for workmen's compensation rather than an action in tort. Plaintiff principally urges that the damages awarded were insufficient.[2]

I.
All parties concur in the trial court's appreciation of the facts. We affirm its findings of facts, and we further adopt as our own its conclusions holding that Distefano's negligence was the sole proximate cause of the accident, that it occurred in the course and scope of his employment with McCormick, and that young Bordelon was free from contributory negligence barring recovery on his behalf, as follows:
"* * * Gene Bordelon was a [14-year-old] delivery boy for the Alexandria Daily Town Talk and on the afternoon of the accident he had already finished his paper route and returned home when he received a telephone call from [16-year-old] Larry Coker, another delivery boy, whose motor bike had broken down at the Sears & Roebuck Store on Bolton Ave. Coker requested Bordelon to come to Sears and help him deliver his papers and agreed to pay Bordelon for his assistance. Coker's mother, who works at Sears, apparently learned of her son's difficulty and she telephoned Mr. Chatelain, assistant circulation manager for the Town Talk and asked that he send out someone to help young Coker with his paper route. Mr. Chatelain then telephoned Charlie Distefano at his home and instructed him to go to Sears and take Coker a bicycle so that he could finish his paper route. Distefano was an office boy at the Town Talk and his duties also included filling in for absent delivery boys and generally assisting the circulation manager in getting the papers delivered. [He drew hourly wages from McCormick for these services also.]
"Pursuant to these instructions from Mr. Chatelain, young Distefano drove his father's station wagon to Sears where he found Coker and Bordelon. Then Coker suggested that they use the Distefano automobile to deliver the papers, to which suggestion Distefano agreed. Distefano was *637 driving and at first Coker and Bordelon were sitting on the back seat throwing papers out the windows but they decided this was too slow a procedure and so Bordelon and Coker got on the front fenders of the automobile and started throwing papers from there. Bordelon testified that he was sitting on the left front fender with his right leg over the front of the car and his right foot on the bumper and that his left leg was just hanging over the side of the left front fender. They were proceeding along Yoist Street when for some unknown reason Distefano ran into a car which was parked on the left side of the street and broke young Bordelon's right leg. Bordelon testified that immediately prior to the accident he was throwing papers with his right hand and watching to see that they landed where the customers could find them and the first he knew of the impending collision was when Coker yelled and at that time the two cars collided. Bordelon testified that he did not see they were going to strike the parked car in time for him to move his leg out of the way.
"McCormick & Company introduced evidence to show that it had a company rule against anyone under the age of 16 delivering papers from or helping in any way to deliver papers from a motor vehicle of any kind. This rule was established by McCormick in order to comply with Louisiana laws regulating child labor. Carrier boys were notified of this rule by means of notices posted on the bulletin board and placed in the bundles of papers picked up by the boys for delivery and by means of periodic conferences and discussions with the carrier boys. Charles Distefano, who was 18 years of age at the time of the accident and had been working for the Town Talk for two or three years, testified that he knew of the rule but both Coker and Bordelon denied that they knew about this particular rule previous to the accident.
"The first issue for determination by the Court is whether Charles Distefano was guilty of negligence proximately causing the accident. This factual issue requires very little discussion. Distefano, proceeding at a speed of 10 to 15 miles an hour during daylight hours, ran into a car parked on the left side of the street. Counsel for Distefano and his liability insurer, Great American Indemnity Company, admit that Distefano was guilty of negligence proximately causing this accident.
"The next issue is whether Gene Bordelon was guilty of contributory negligence proximately causing the accident. The contributory negligence alleged on the part of young Bordelon was that he was riding on the fender of an automobile in violation of LSA-R.S. 32:249. In the case of Stout v. Lewis [11 La.App. 503] 123 So. 346, the Orleans Court of Appeal held as follows:
"`If the plaintiff, in the instant case, had been jolted off the running board by reason of some unevenness in the roadway, while the automobile was being driven in the customary way, we would say that he could not recover for any injury he might have sustained, because he had assumed the risk involved. But, on the other hand, he had a right to rely on the proper discharge of defendant's duty to him, and was not obliged to anticipate negligence on the part of the driver of the Hahn automobile.'
"In the more recent case of Jackson vs Young, 99 So.2d 400 the First Circuit Cour of Appeal expressed the rule as follows:
"`The plaintiff in the case at bar occupied a precarious position and this position was known to the defendant. In occupying this position, he assumed any risks which would cause him injury while defendant was operating his truck in a reasonable and prudent manner. The plaintiff fell because the defendant travelled too fast under the circumstances and skidded on the loose gravel and shifted into second gear so that the truck whipped around. We find that these actions on the part of *638 the defendant are the proximate cause of the injury sued upon and constitute a risk that was not assumed by the plaintiff.'
"The jurisprudence of Louisiana is well established that a person who is riding on the running board, fender, or other precarious position assumes only such risks as might cause him injury while the driver is operating the vehicle in a reasonable and prudent manner. He assumes only such risks as would ordinarily be incident to his precarious position on the vehicle. He does not assume the risk of careless or negligent driving on the part of the driver. In the case at bar, Bordelon certainly did not assume the risk that Distefano might run into a car parked on the left side of the street. Other cases holding this well established rule of law are Salone vs. Shreveport Railway Company, [La.App.] 41 So.2d 240; McDonald vs. Stellwagon, [La.App.] 140 So. 143 [133] and New Amsterdam Casualty vs. LeDoux, [5 Cir.] 159 F.2d 905.
"[Upon appeal, the defendants-appellants again contend also that young Bordelon was contributorily negligent in not maintaining a lookout for traffic ahead and in not warning Distefano, the driver, that the latter was about to run into a car parked on the driver's left. The evidence shows, however, that to the knowledge of the driver it was necessary for young Bordelon, who was astride the left fender tossing newspapers to the houses along the left, to keep a watch on the newspapers being tossed to be sure they landed in the vicinity of the subscribers' doorstoops (with the further duty to take steps to assure a proper delivery if the newspaper was thrown on the house-roof or in the street, etc.) That is, by the very nature of the operation, the entire lookout was to be maintained by the automobile driver, with the carrier boys relying upon the driver's lookout and care in the operation of the motor vehicle, and we think the trial court correctly held that young Bordelon was not negligent in failing to anticipate that the driver would negligently run into the car while young Bordelon's attention was directed sidewards and backwards in accordance with the newspaper delivery operation.]
"Having found that Charles Distefano was negligent and Gene Bordelon was free of contributory negligence, it follows that the plaintiff, Lester E. Bordelon is entitled to judgment on his tort action against [Great American as the liability insurer of Distefano.] * * *
"As regards the tort action, the next issue is as to the liability of McCormick & Company * * * under the doctrine of respondeat superior. It is clear that at the time of the accident Charles Distefano was an employee of the Alexandria Daily Town Talk engaged in the duties of his employment which included assisting the regular carriers in distributing their papers. McCormick and U. S. F. & G. contend that Distefano was not acting within the course and scope of his employment because he knowingly violated the company rule in allowing Bordelon, who was under sixteen years of age, to deliver papers from a motor vehicle. The jurisprudence in this state is that an employer is responsible for the wrongful acts of his employee committed in furthering the business of the employer and within the scope of the employment even though the servant acted contrary to or in defiance of the express rules or instruction of his master. See Starnes vs. Monsour's No. 4, [La.App.] 30 So.2d 135, Dunn vs. Campo, [La.App.] 179 So. 102 and Cusimano vs. A. S. Spiess Sales Company, 90 [96] So. 118, 153 La. 551. [Cf., 57 CJS "Master and Servant", Section 570 [d] (9), p. 313: "The test of the master's responsibility for the acts of his servants is not whether such act was done in accordance with the instructions of the master to the servant, but whether it was done in the prosecution of the business that the servant was employed to do, and an act is regarded as `authorized' in the legal sense if it is incidental to the performance of the duties entrusted to the servant even *639 though it is in disobedience of the master's express orders and instructions."] It is therefore clear that McCormick and Company is liable in tort under the doctrine of respondeat superior. * * *"

II.
Upon appeal, Great American further urges that the plaintiff's exclusive remedy is for workmen's compensation, which bars a tort recovery. The basis for this assertion is the contention that young Gene Bordelon at the time of his injury was an employee of young Coker's parents, who were contractors doing the work (i. e., delivering newspapers) of their principal, McCormick & Company, the publisher of the paper being delivered. It is then urged that the plaintiff's son can recover compensation from McCormick and that, since Distefano was concededly an employee of McCormick's, young Bordelon's exclusive remedy was in compensation.
Accepting for the sake of argument this construction of the facts as most favorable to such contention of Great American,[3] the authorities relied upon simply hold that under these facts the employee's sole remedy against his employer's principal, McCormick, is in compensation. LSA-R.S. 23:1032, 23:1061; Thibodaux v. Sun Oil Co., 218 La. 453, 49 So.2d 852; Sisk v. L. W. Eaton, Inc., La.App. 1 Cir., 89 So.2d 425, certiorari denied. They do not hold that an injured employee of the principal or of the principal's subcontractor cannot recover damages from an employee of the principal caused by such latter employee's tort.
Insofar as the defendant Great American as liability insurer of young Distefano is concerned, it is to be remembered that young Bordelon has no remedy in compensation against Distefano, the employee of McCormick, even though he might have such remedy against McCormick, the employer. Within the contemplation of the compensation act Distefano is a "third person" liable in tort for damages caused to young Bordelon through his negligence. Benoit v. Hunt Tool Co., 219 La. 380, 53 So.2d 137; Vidrine v. Soileau, La.App. 1 Cir., 38 So.2d 77; Kimbro v. Holladay, La. App. 2 Cir., 154 So. 369. See LSA-R.S. 23:1101. See also Malone, Louisiana Workmen's Compensation (1951), Section 366.
The trial court therefore properly allowed recovery in tort against Distefano's liability insurer, Great American.

III. Quantum.
The trial court awarded the plaintiff the sum of $1,274.09 for special damages resulting from the accident. Included in this amount is $956.09 of medical expenses caused by the accident which had previously been paid by Great American under a "medical payments" clause in its policy. Although the defendants contend to the contrary, the trial court properly allowed recovery of this amount as damages within the tort recovery, since (in the absence of a policy clause clearly excluding such liability) the tortfeasor's insurer is not entitled to credit against a recovery in tort for amounts received by the injured person paid to him pursuant to the insurer's contractual liability for medical expenses under a separate insuring agreement for which a premium is also charged. See Distefano v. Delta Fire & Cas. Co., La.App. 1 Cir., 98 So.2d 310. However, by clerical error our trial brother inadvertently totaled the special damages in an amount of $3 greater than their actual total, so the award must be reduced to its correct total of $1,271.09; the judgment will be amended accordingly.
*640 The trial court further awarded the sum of Five Thousand Dollars as damages for young Bordelon's personal injuries and his consequent pain and suffering. Both bones of his lower right leg were broken and shattered into small pieces in the compound and very painful fracture sustained in the accident of January 8, 1958; the boy was hospitalized for eleven days, after open reduction surgery in which steel screws were used to fix the fracture; and he was at home in a long cast from his hip past his toes through March 12, following which he was in a short walking cast for approximately a month. Fortunately, despite a relapse and some delay in recovery due to a fair amount of circulatory damage, young Bordelon was finally discharged as without substantial permanent residual on January 10, 1959, although he was at that time expected to have minor difficulty with the injured foot for an additional six to eight months. Despite the respective opposing contentions, the award is neither manifestly insufficient nor manifestly excessive. See, e. g., Corkern v. Travelers Ins. Co., 229 La. 592, 86 So.2d 205; Spurlock v. Boyce-Harvey Machinery, Inc., La.App. 1 Cir., 90 So. 2d 417; Smith v. Manufacturers Cas. Ins. Co., La.App. 1 Cir., 83 So.2d 164.

Decree:
For the foregoing reasons, the judgment in favor of the plaintiff individually for special damages is reduced from $1,274.09 to $1,271.09, and, as thus amended, the trial court judgment is affirmed in all other respects.
Amended and affirmed.

On Application for Rehearing
Rehearing denied.
HOOD, Judge (dissenting).
In our original opinion we awarded plaintiff medical expenses caused by the accident in spite of the fact that he had previously been paid these medical expenses under a "medical payments" clause in the insurance policy. In my opinion we erred in allowing him to recover medical expenses both under the medical payments clause and the liability clause of the policy when such expenses were incurred in one and the same accident. See Hawayek v. Simmons, La. App.1956, 91 So.2d 49, 61 A.L.R.2d 1254. For this reason I respectfully dissent from the refusal to grant a rehearing.
NOTES
[1] The trial court further rendered judgement, for any amount for which McCormick was cast, in its favor upon its third-party demand against Great American and S. John Distefano, the liability insurer and the father respectively of the minor Charles Distefano, the driver of the automobile causing the injuries. McCormick, as young Distefano's employer, was held entitled to be indemnified by the employee for the damages caused by its employee's negligence under the principle that, if the master himself is free of any negligence contributing to the accident, the master may recover from the employee the damages caused to another by the employee's negligence for which the master is vicariously liable. Costa v. Yoachim, 104 La. 170, 28 So. 992; Spurlock v. Boyce-Harvey Machinery, Inc., La. App. 1 Cir., 90 So.2d 417, 427. See also: Williams v. Marionneaux, La.App. 1 Cir., 116 So.2d 57. No complaint upon appeal is made of this feature of the judgment.

The suit was dismissed as against a third defendant, the United States Fidelity & Guaranty Company, the general liability insurer of McCormick at the time of the accident, because of a valid policy exclusion clause exempting this insurer from liability under the circumstances. The able counsel for the plaintiff stated at the oral argument that he does not upon appeal complain of this feature of the judgment either.
This opinion will not, therefore consider these aspects of this litigation.
[2] Alternatively, should this court find that plaintiff's remedy was for compensation rather than in tort, plaintiff also appealed from the rejection of his alternative claim in compensation against McCormick and its compensation insurer. Since on the merits we have affirmed the trial court's judgment permitting recovery in tort, and since the able attorney for the plaintiff expressly stated at the oral argument that the claim for compensation was asserted only as an alternative to a claim in tort, our decision will not concern or discuss any right the plaintiff may or may not have to recover compensation from McCormick and its compensation insurer in addition to a recovery in tort from Distefano and his liability insurer. Under its third-party demand, McCormick also seeks payment by preference from the tort award under its statutory subrogation, see LSA-R.S. 23:1101 to 23:1103, for any compensation award made; which demand for the same reason it is unnecessary to discuss.
[3] By disclaimers at the oral argument and in the pleadings no longer at issue (as between the plaintiff and McCormick) is any alternative claim for workmen's compensation against McCormick upon our affirmance of a tort recovery. See footnote 2 above.