342 So.2d 1150 (1977)
Marilyn W. BOYLES, Individually and on behalf of her minor child Carri L. Boyles, and Nanci L. Boyles, Plaintiffs-Appellants,
v.
Ben Daly BRIDGEMAN et al., Defendants-Appellants.
No. 11128.
Court of Appeal of Louisiana, First Circuit.
February 14, 1977.
*1151 Edward C. Alker, Metairie, for plaintiffsappellants, Marilyn Boyles and others.
Monte J. Ducote, New Orleans, for defendants-appellants, Crescent Pole Driving Co., Inc., Cleveland Vinning and General Accident, Fire & Life Assurance Corp., Ltd.
Edward P. Lobman, New Orleans, for James Todd and State Farm Mutual Automobile Insurance Co., defendants-appellees.
Before SARTAIN, COVINGTON and LOTTINGER, JJ.
LOTTINGER, Judge.
This is an action ex delicto for damages as a result of an automobile accident. Plaintiffs are Marilyn W. Boyles, individually and on behalf of her minor child, Carri L. Boyles, and Nanci L. Boyles. Defendants are Crescent Pile Driving Company, Inc., (hereinafter sometimes referred to as Crescent) Cleveland Vinning, General Accident Fire and Life Assurance Corporation, Ltd., (hereinafter sometimes referred to as General) James E. Todd and State Farm Mutual Automobile Insurance Company. The Trial Court rendered judgment in favor of plaintiffs[1] and against Crescent, Vinning and General, from which judgment plaintiffs have appealed and defendants have answered the appeal. The Trial Court also rendered judgment in favor of State Farm and against Crescent, Vinning and General, from which judgment a suspensive appeal was taken.
This accident happened in St. Tammany Parish on November 18, 1972. As the Trial Judge pointed out in his written reasons for judgment:
"A 1970 International truck driven by Cleveland Vinning loaded with concrete culverts was proceeding north on I10. On the downslope of an overpass, a culvert fell from the truck onto the roadway.
"Traveling behind the truck was a 1970 Dodge station wagon driven by Mrs. Marilyn Boyles, occupied by her daughters, Nanci Boyles, a major, and Carri Boyles, a minor. Nanci Boyles testifies that as they were proceeding northerly behind the truck, they came across the overpass and the car ahead of her suddenly veered into the ditch. She then saw the culvert rolling down the road from side to side. It rolled into the grassy area and then back out into the highway where they hit it, and almost simultaneously they were struck by a following vehicle.
"James Todd was driving his vehicle in a northerly direction on I10. As he came over the crest of the overpass he saw the Dodge station wagon, and the culvert still moving. He was about 40 feet from them. He swerved to the left to try to go into the median ditch, but couldn't make it, and struck the Dodge.
"The testimony of the trooper investigating the accident is that the culvert came off the truck on the downslope of an overpass located on I10. At the point where he found the culvert located along with the vehicles when he reached the scene, the car could be seen only from the crest of the overpass and that was approximately four car lengths or 40 feet south of the point of the accident."
The defendants, Vinning, Crescent and General, filed a third party demand against Todd and his automobile insurer, State Farm. To this third party demand, State Farm filed a reconventional demand for the amount it had paid its insured, James Todd and Mrs. Marilyn Boyles under their policies.[2]
Plaintiffs, Marilyn and Nanci Boyles, appealed the judgment of the Trial Court contending that the award for personal injuries is so excessively low as to constituted an abuse of discretion. The Trial Judge in his written reasons for judgment *1152 found as to the injuries received by Mrs. Marilyn Boyles as follows, to wit:
"Mrs. Boyles was taken to the emergency room of the Slidell Hospital immediately after the accident, x-rayed, examined and released. On November 20, 1972, she consulted Dr. Byram who diagnosed her problems as cervical strain and contusion of the musculature of the right flank. "On November 22, 1972 she developed abdominal pains and was admitted to the East Jefferson Hospital under the care of Dr. Foti. She was released on the same day when her symptoms stopped. She was readmitted to the hospital in December to try to find the source of a bloodpressure problem she was experiencing. At this time her abdominal problem was asymptomatic. No one can specify the source of the abdominal problems, and so the court has insufficient evidence to relate them to the accident.
"On January 16, 1973, Mrs. Boyles consulted Dr. Redler. He found no objective evidence of injury. However, he did feel that her limitation of the neck on extremes of motion was probably valid, but should clear up in the next few weeks. She actually returned to work on March 15, 1973.
"The court believes that Mrs. Boyles will be adequately compensated by a judgment in her favor for her pain and suffering in the sum of $3,000.00."
As to the injuries of Nanci Boyles, the Trial Judge found:
"Nanci was examined and released from the Slidell Hospital on November 18, 1972. She consulted Dr. Byram on November 20, 1972. He diagnosed cervical, thoracic and lumbar sprain with mild spasms. He prescribed a corset and saw her intermittently through May of 1973. She moved out of town and he thought her to be asymptomatic except for lower back discomfort.
"Dr. Redler saw her on January 16, 1973, and could find nothing from an orthopedic standpoint.
"The court believes she would be adequately compensated by a judgment in her favor for her pain and suffering in the amount of $2,000.00."
Though plaintiffs have cited to this court several cases of similar injuries where larger awards were granted in support of their contention that the Trial Judge abused his discretion, we are not convinced that such abuse is present in this case, and therefore affirm the award of the Trial Judge as to the personal injuries.
In answering the appeal of the plaintiffs, the defendants contend that the Trial Judge erred in awarding Mrs. Marilyn Boyles the sum of $4,458.33 as loss of earnings. Defendants contend that no corroborative evidence was produced to support the testimony of Mrs. Boyles as to her loss of income, and they cite to this court the case of Craig v. Burch, 228 So.2d 723 (La.App. 1st Cir. 1969), writ refused 255 La. 475, 231 So.2d 393 (1970).
We note from the record that no effort was made to corroborate the testimony of Mrs. Boyles as to her loss income by use of her income tax returns, testimony from her employer, or any other supportive evidence, nor was it shown that corroboration was unavailable. Therefore, we are of the opinion that the Trial Judge was in error in awarding to Mrs. Boyles the sum of $4,458.33 for loss of earnings.
The defendants, Vinning, Crescent and General, also appeal from the judgment in favor of State Farm as against them, and contend that the Trial Judge was in error in finding that James Todd was not negligent in rear-ending the Boyles automobile and alternatively by finding that State Farm had proved the amount of its subrogated claims by a preponderance of accreditable evidence.
After a complete and thorough review of the record, we find no error on the part of the Trial Judge in his determination of the facts as we have above approvingly quoted. Under the facts as found by the Trial Judge, there is no question but that there was no negligence on the part of James Todd.
*1153 It is further contended by Vinning, Crescent and General that the damages awarded to State Farm under its subrogation claims are not sufficiently substantiated by evidence so as to justify the award.
State Farm introduced the originals of the subrogation receipts from Mrs. Marilyn Boyles as well as James Todd for the amounts that had been paid to Mrs. Boyles under her collision coverage as well as the amount paid to Todd under his medical pay and collision coverage. The investigating officer testified that both the Boyles automobile as well as the Todd automobile were damaged. He noted that the Boyles automobile was severely damaged in the rear and the Todd automobile was damaged on the right hand side. Mr. Todd testified that the subrogation receipt represented the amount of money he received from State Farm in settlement of his claim on his own policy, and that he made no other claim as a result of the accident. Mrs. Boyles identified the subrogation receipt concerning the payment to her by State Farm under her collision coverage, as well as identifying two photographs of her automobile depicting the damage.
From a review of the record we are convinced that both the Boyles automobile and the Todd automobile were damaged as a result of the accident, and that State Farm under policies insuring both automobiles incurred certain loss as represented by the subrogation receipts. Though the damages occasioned by both of these parties is not as well documented as they could have been, there is sufficient evidence in the record, that has gone uncontroverted, to justify the Trial Court in its award to State Farm.
Therefore, for the above and foregoing reasons the judgment of the Trial Court inasmuch as it awarded Mrs. Marilyn Boyles the sum of $7,819.73 is amended to read $3,361.40 and in all other respects as to all parties the judgment of the Trial Court is affirmed. All costs of this appeal are to be shared equally by the plaintiffs and the defendants Crescent Pile Driving Company, Inc., Cleveland Vinning, and General Accident Fire and Life Assurance Corporation, Ltd.
AMENDED AND AFFIRMED.
NOTES
[1] Judgment in favor of Mrs. Marilyn Boyles individually in the sum of $7,819.73, Mrs. Marilyn Boyles on behalf of Carri Boyles in the sum of $500.00, and Nanci Boyles in the sum of $2,223.00.
[2] State Farm was the general liability as well as collision insurer of both the Todd and Boyles vehicles.