392 So.2d 94 (1980)
Gilbert POYDRAS et al., Plaintiff-Appellant,
v.
Edison PARKER et al., Defendant-Appellee.
No. 12993.
Court of Appeal of Louisiana, First Circuit.
January 21, 1980.
*95 Charles Rea, Baton Rouge, for plaintiffs-appellants Gilbert Poydras and Hartford Ins. Co.
C. Alvin Tyler, Frank H. Dickinson, III, Baton Rouge, for defendant-appellee Edison Parker.
Herman Clark, in pro. per.
Before EDWARDS, LEAR and SARTAIN, JJ.
SARTAIN, Judge.
In this suit under the subrogation provisions of a policy of fire insurance, the issue presented relates to the liability of an employer for the acts of an employee which caused the partial destruction of a structure. From a judgment absolving the employer of any liability, the insurer has appealed. We reverse in part and render.
Gilbert Poydras, the owner of the premises, secured a policy of fire insurance from Hartford Fire Insurance Company (Hartford.) The building was leased to Edison Parker, where he operated a business known as Parker's Used Auto Parts. The fire was started by Herman Clark, an employee of Parker, when he endeavored to burn some paper and other debris in a barrel located behind the leased premises. The fire spread and caused extensive damage to the building. Poydras and Hartford sought judgment against both Parker and Clark.
The trial judge held that inasmuch as Clark burned the trash contrary to Parker's express instructions, his conduct in doing so placed him beyond the course of his employment. Judgment was therefore rendered only against the employee, Clark. Since Clark has neither appealed nor answered the appeal, the judgment as to him is final.
The facts which are not in dispute are as follows: Clark had been in Parker's employment for about two and one-half years prior to the fire. His primary duties were to dismantle, clean and shelve used automobile motors. He also assisted in keeping the premises clean. On two occasions prior to the instant fire, Clark had set fire to trash and debris he had collected and on each occasion he was told by Parker not to burn it.
On the day of the fire giving rise to this suit, Clark testified that when he carried the trash out to the barrel it was filled to capacity and since he had no other place to dispose of it he decided to burn the trash that was already in the barrel. He gave no further explanation for his acts and admitted that on the two previous occasions noted above Parker had told him not to burn trash near the premises.
Parker testified that it was not necessary for Clark to burn the trash because he had another party who came by every two or three weeks to pick up the accumulation of trash and debris. His admonition to Clark concerning the burning of trash on the premises was based on his (Parker's) concern about fire.
Vicarious liability in Louisiana is imposed under the provisions of C.C. article 2320.[1] Its applicability is often determined *96 on the basis of the scope of one's employment. Generally speaking, an employee is expected to adhere to his employer's rules and regulations and his failure to do so may, under certain circumstances, negate vicarious liability on the part of the employer. However, the mere fact that an employee's conduct is contrary to his employer's express directions, rules or wishes is not conclusive of the issue of scope of employment. Normand v. City of New Orleans, 363 So.2d 1220 (La.App. 4th Cir. 1978); Bordelon v. Great American Indemnity Company, 124 So.2d 634 (La.App.3d Cir. 1960).
In Bordelon v. Great American Indemnity Company, above, the court, quoting from 57 C.J.S. § 570, verbo Master and Servant, stated:
"`The test of the master's responsibility for the acts of his servants is not whether such act was done in accordance with the instructions of the master to the servant, but whether it was done in the prosecution of the business that the servant was employed to do, and an act is regarded as "authorized" in the legal sense if it is incidental to the performance of the duties entrusted to the servant even though it is in disobedience of the master's express orders and instructions.'" 124 So.2d 634, 638.
Other factors include whether the actions of the employee transpired substantially within the authorized limits of time and space and were undertaken, at least in part, with an intent to serve the employer. Prosser, Torts, ¶ 70 (4th Ed. 1971).
The policy of vicarious liability and particularly the purpose and intent of C.C. art. 2320 are to place upon the master the responsibility of the servant's misconduct in the scope of the master's business.
In the instant case, we are satisfied that Clark was performing services during the course of his employment with the intent of benefiting his employer. Notwithstanding the fact that for some two and one-half years he had endeavored to and on three occasions did burn trash on the premises, he remained in the employ of Parker and was still so employed on the date of the trial on the merits. While his actions in starting the third fire were contrary to his employer's wishes, they undoubtedly did not justify or precipitate his dismissal. Under these circumstances, we do not find that his (Clark's) conduct on the last occasion was such a deviation from his duties as to place him beyond the scope of his employment.
For these reasons, the judgment of the district court dismissing plaintiff's suit against Edison Parker is reversed and set aside and judgment is rendered herein in favor of Gilbert Parker and Hartford Fire Insurance Company and against Edison Parker and Herman Clark, jointly and in solido, in the sum of $1114.74, together with legal interest thereon from date of judicial demand, until paid, and for all costs of these proceedings. In all other respects, the judgment of the district court is affirmed.
REVERSED IN PART, AFFIRMED IN PART AND RENDERED.

ON REHEARING
PER CURIAM.
We granted a rehearing in this matter, limited to the issue of damages, to correct what is asserted by Hartford in its application for rehearing to be an obvious typographical error.
The trial judge, in his oral reasons for judgment, determined the damages to be in the sum of $5,114.74. However, the minutes of the trial court show this sum to be $1,114.74. Judgment was later signed in the latter amount. The plaintiffs appealed and this error was not called to our attention. In its application for rehearing plaintiffs contend that the defendants now acknowledge the error.
Accordingly, our original judgment is amended by the increasing the award to $5,114.74 and as amended is reinstated for the reasons therein expressed.
ORIGINAL DECREE AMENDED AND AS AMENDED REINSTATED.
NOTES
[1] Art. 2320. Acts of servants, students or apprentices.

Art. 2320. Masters and employers are answerable for the damages occasioned by their servants and overseers, in the exercise of the functions in which they are employed.
Teachers and artisans are answerable for the damage caused by their scholars or apprentices, while under their superintendence.
In above cases, responsibility only attaches, when the masters or employers, teachers and artisans, might have prevented the act which caused the damage, and have not done it.