BOWES, Judge.
The sole issue presented in this case is whether William Coleman, an Ekco employee, was acting in the course and scope of his employment when his negligent operation of a truck leased by Ekco caused injuries to the plaintiff. The trial court ruled that Coleman was outside the course and scope of his employment when the accident occurred and dismissed, with prejudice, the *75 suit against Ekco Products, Inc. From this ruling, the plaintiff appeals.
The accident occurred at approximately 2:30 a.m., October 30, 1977, in the parking lot of the Kentucky Fried Chicken Restaurant on the Westbank Expressway in Gret-na, La. Plaintiff was ejected from the cab of the tractor-trailer being operated by William Coleman when, because of Coleman’s rapid and sudden application of the brakes, appellant was flung against the passenger door, which opened under the impact.
To find an employer liable for damages under LSA C.C. Article 2320 [1], one must first find that the employee acted “in the exercise of the function in which [he was] employed”; and then, if that finding was in the affirmative, one must additionally find that the employer “might have prevented the act which caused the damage, and have not done it.” This court need not consider the second requirement of the statute.
In Cain v. Doe, 378 So.2d 549 (La.App. 4th Cir.1979), the court stated:
“The Social policy underlying imposition of vicarious liability contemplates charging the employer with the responsibility for damages caused by the employee in the exercise of the functions in which the employee was hired. C.C. art. 2320. Thus, when an employee’s tortious conduct is closely related in time, place and causation with his employment duties, the risk of harm is fairly imputable to the employer’s business, and the employer is held liable for the damages. LeBrane v. Lewis, 292 So.2d 216 (La.1974). However, the purpose of the policy is not served when (as in the present case) the employee’s tortious conduct occurs long after he has completed his employment duties and the employee is engaged in an activity which is not shown in any manner to be related to the service of the employer or to the furthering of the employer’s interest. Normand v. City of New Orleans, 363 So.2d 1220 (La.App. 4th Cir.1978).”
At the time of the accident, William Coleman had long since left work (he punched out at 11:00 p.m.), he was not on a mission for his employer (in fact, testimony was elicited at trial that Coleman had no authority to use the vehicle involved), and in no way could “bar-hopping” be considered within the scope of employer’s enterprise or interest.
“The policy of vicarious liability and particularly the purpose and intent of C.C. art. 2320 are to place upon the master the responsibility of the servant’s misconduct in the scope of the master’s business.” Poydras v. Parker, 392 So.2d 94, (La.App. 1st Cir.1980).
“(2) In Bordelon v. Great American Indemnity Company, [124 So.2d 634 (La.App. 3rd Cir.1960], the court, quoting from 57 C.J.S. Sec. 570, verbo Master and Servant, stated:
“ ‘The test of the master’s responsibility for the acts of his servants is not whether such act was done in accordance with the instructions of the master to the servant, but whether it was done in the prosecution of the business that the servant was employed to do, and an act is regarded as “authorized” in the legal sense if it is incidental to the performance of the duties entrusted to the servant even though it is in disobedience of the master’s express orders and instructions.’ ” 124 So.2d 634, 638.
“Other factors include whether the actions of the employee transpired substantially within the authorized limits of time and space and were undertaken, at least in part, with an intent to serve the em *76 ployer. Prosser, Torts, 70 (4th Ed.1971).” Poydras, supra.
This Court was benumbed by appellant’s fanciful, quixotic, argument. Be that as it may, it did not bespeak the law.
The facts of this case clearly demonstrate that Ekco cannot be held liable for the acts of William Coleman, for there is no nexus between the accident and the course and scope of his employment. Only when an employee’s tortious conduct is closely related in time, place and causation with his employment duties and the risk of harm is fairly imputable to the employer’s business can the employer be held liable for damages. Freeman v. Lee and Leon Oil Co., Inc., 409 So.2d 408 (La.App. 4th Cir.1982).
As to plaintiff’s contention that defendant is liable when the conduct of the plant manager of Ekco is subjected to a duty-risk analysis, this court finds that the manner in which he handled the keys to Ekco’s delivery vehicle is too remotely related to the way plaintiff was injured for us to find that the defendant had some duty to protect Mrs. Introvice from the risk of injury at 2:00 a.m. while “bar-hopping” with an Ekco employee in a truck which he was unauthorized to use.
Accordingly, we conclude that William Coleman obviously was not in the course and scope of his employment when he caused the accident in suit, and his employer cannot be held legally responsible by any interpretation of the law.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.

. LSA C.C. Art. 2320
“Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed.
Teachers and artisans are answerable for the damage caused by their scholars or apprentices, while under their superintendence.
In the above cases, responsibility only attached when the masters or employers, teachers and artisans, might have prevented the act which caused the damage, and have not done it.”