444 So.2d 177 (1983)
Gary Lynn FOGG
v.
David LOTT, D/B/A Slidell Hotel Bar, and Tommy Barnes.
No. 83 CA 0242.
Court of Appeal of Louisiana, First Circuit.
December 22, 1983.
*178 Joseph Anderson, Jr., Slidell, for plaintiff, appellant.
L.J. McCreary, Slidell, for defendant, appellee.
Before PONDER, WATKINS and CARTER, JJ.
PONDER, Judge.
Plaintiff appealed the judgment awarding him damages for injuries sustained as the result of a battery.
*179 The issues are the employer's liability, quantum and the expert witness fee.
We reverse in part and amend and affirm in part.
Plaintiff was prevented from entering the Slidell Hotel Bar by the defendant, Tommy Barnes,[1] one of the doormen at the bar, because of his dress. After plaintiff continued to try to gain admittance despite repeated requests to leave, during which time other patrons were hindered from entering and leaving the premises, Barnes escorted plaintiff and other members of his party out the front door. During further discussion outside, Barnes hit plaintiff in the face causing him to fall to the ground. Plaintiff was admitted to Slidell Memorial Hospital that morning and released later that same day.
The trial court granted judgment in favor of plaintiff against Tommy Barnes in the amount of $350.00, but found that the defendant, David Lott Enterprises, Ltd., d/b/a Slidell Hotel Bar, should not be held vicariously liable for the actions of its employee since the battery occurred outside the bar and prior to plaintiff becoming a patron of the bar. The court also found some personal animosity between plaintiff and Barnes which resulted from Barnes allegedly making a pass at plaintiff's wife on an earlier occasion.
Plaintiff initially alleges that at the time of the battery Barnes was acting within the scope of his employment; that among the duties assigned to doormen working at the bar was the enforcement of the dress code, which included denying admittance to any individual wearing blue jeans.
Defendant, David Lott Enterprises, Ltd., argues that since the doormen are instructed not to use force, Barnes was acting in violation of his employer's rules and regulations, negating any liability on the part of the employer.
An employer is liable for a tort committed by his employee if, at the time of the tort, the employee is acting within the scope of his employment. La.C.C. art. 2320;[2]LeBrane v. Lewis, 292 So.2d 216 (La.1974).
The mere fact that an employee violates his employer's express orders and instructions is not conclusive of the issue of scope of employment. The determination depends upon the particular facts and circumstances of each case. Poydras v. Parker, 392 So.2d 94 (La.App. 1st Cir.1980); Cain v. Doe, 378 So.2d 549 (La.App. 4th Cir.1979). We find that Barnes was acting within the scope of his employment.
Defendant further argues, however, that the battery took place outside the bar before plaintiff ever became a patron and that it was motivated by personal reasons.
When an employee's tortious conduct is closely related in time, place and causation with his employment duties, the risk of harm is fairly imputable to the employer's business, as compared with conduct motivated by purely personal considerations entirely extraneous to the employer's interests. LeBrane v. Lewis, supra; Cain v. Doe, supra.
The dispute which resulted in Barnes hitting plaintiff was primarily employmentrooted. It began in connection with Barnes' attempts to enforce the dress code and plaintiff's desire to enter the bar. The dispute began on the employment premises during business hours. The actual battery took place just outside the bar immediately after plaintiff was ejected by Barnes in the performance of his employment duties.
*180 Because the tortious conduct was reasonably incidental to the performance of Barnes' duties as a doorman and was not based on purely personal considerations, David Lott Enterprises, Ltd., as Barnes' employer, is solidarily liable with Barnes for the damages sustained as a result of the battery.
Dr. Jack R. Diamond, plaintiff's treating physician, testified by deposition in lieu of a court appearance. He stated that on his instructions, plaintiff was admitted to the hospital for observation but that the emergency room physician first examined plaintiff.
When Dr. Diamond saw plaintiff at about 8:00 a.m. that morning, he was conscious and well-oriented. He had a lump on the back of his head, but there were no other significant findings. Dr. Diamond noted that plaintiff probably sustained a mild cerebral concussion and ordered tests, which were normal. Dr. Diamond discharged plaintiff that date to be followed up in his office should plaintiff have further trouble.
Four days after the battery, plaintiff went to Dr. Diamond's office with complaints of headache, which Dr. Diamond believed to be post-concussion headache. Plaintiff was told to return in one month if the headaches persisted.
A little more than one month later, plaintiff complained of pain localized in the right temporal area. Dr. Diamond stated that was not very typical and ordered an electroencephalogram. The EEG was normal.
Dr. Diamond has not seen plaintiff since that time for his headaches.
The trial court awarded $350.00 in damages. No itemization was made, but a review of the court's oral reasons for judgment makes us believe the award was for general damages. We find no abuse of discretion in that award.
Plaintiff complains, however, that he was denied recovery for medical expenses and lost wages.
Plaintiff introduced a copy of the hospital bill dated the day of the battery in the amount of $262.00. A copy of the bill for the EEG in the amount of $100.00 was also introduced. Dr. Diamond testified that he charged plaintiff $15.23 for the first office visit. The statement was attached to the deposition. We find the evidence sufficient to allow recovery in those amounts, totalling $377.23.
Plaintiff testified that as a result of being hit, his glasses were knocked off, marring the lenses, breaking the nose piece and bending the frame. He testified he wore them for a while but eventually had to replace them.
Plaintiff introduced into evidence a check dated six months after the battery, in the amount of $25.00, made payable to his optometrist for his lens prescription. He also testified that the new glasses cost him about $37.00 or $38.00.
The burden of proving both the existence of the damage and the causal connection rests with the plaintiff. Such proof must be shown to a legal certainty and by a reasonable preponderance of the evidence. A mere possibility is insufficient. Villavaso v. State Farm Mutual Automobile Insurance Company, 424 So.2d 536 (La.App. 4th Cir.1982); Stevens v. Gulf American Fire and Casualty Company, 317 So.2d 199 (La.App. 1st Cir.), writ denied, 321 So.2d 363 (La.1975).
We find no manifest error in denying this item of damages.
Plaintiff also testified he missed three days of work because of the battery. He stated he was paid by the hour and also received a commission, but could not remember what he was making per hour at that time. Plaintiff did state it was about $50.00 per day.
Plaintiff did not introduce employment records, paycheck stubs or any other corroborative evidence to support his claim. We find no error in denying recovery for lost wages. Britten v. Payne, 381 So.2d 855 (La.App. 1st Cir.), writ denied, 384 So.2d 800 (La.1980); Boyles v. Bridgeman, 342 So.2d 1150 (La.App. 1st Cir.1977).
*181 Plaintiff next alleges the trial court erred in fixing the expert witness fee of Dr. Diamond in the amount of $50.00, as the doctor's standard fee for giving a deposition is $350.00.
The amount of the fee of an expert witness is within the discretion of the trial court and will not be set aside absent an abuse of discretion. La.R.S. 13:3666;[3]D'Angelo v. New Orleans Public Service, Inc., 405 So.2d 1262 (La.App. 4th Cir.), writ denied, 407 So.2d 748 (La. 1981). The amount charged by the expert is not conclusive in fixing the amount. State, Department of Highways v. Kornman, 336 So.2d 220 (La.App. 1st Cir.1976).
Dr. Diamond's deposition was no more than eleven pages long and consisted primarily of reading plaintiff's medical record. While $50.00 is low, we do not find an abuse of discretion.
For the foregoing reasons, the judgment of the trial court is reversed insofar as it dismissed plaintiff's demands against David Lott Enterprises, Ltd. The judgment is amended so as to hold this defendant solidarily liable with the defendant, Tommy Barnes, to the plaintiff in the amount of $727.23. In all other respects, the judgment is affirmed. Defendants are to pay all costs.
REVERSED IN PART AND AMENDED AND AFFIRMED IN PART.
NOTES
[1] Service was made upon Barnes but he could not be located and was not subpoenaed for trial. He has not answered the petition and a preliminary default had previously been entered against him.
[2] La.C.C. art. 2320:

Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed.
Teachers and artisans are answerable for the damage caused by their scholars or apprentices, while under their superintendence.
In the above cases, responsibility only attaches, when the masters or employers, teachers and artisans, might have prevented the act which caused the damage, and have not done it.
[3] La.R.S. 13:3666:

A. Witnesses called to testify in court only to an opinion founded on special study or experience in any branch of science, or to make scientific or professional examinations, and to state the results thereof, shall receive additional compensation, to be fixed by the court, with reference to the value of time employed and the degree of learning or skill required.
B. The court shall determine the amount of the fees of said expert witnesses which are to be taxed as costs to be paid by the party cast in judgment either:
(1) from the testimony adduced upon the trial of the cause, the court shall determine the amount thereof and include same or,
(2) by rule to show cause brought by the party in whose favor a judgment is rendered against the party cast in judgment for the purpose of determining the amount of the expert fees to be paid by the party cast in judgment, which rule upon being made absolute by the trial court shall form a part of the final judgment in the cause.
C. In either manner provided in Subsection B, the court shall also determine and tax as costs, to be paid by the party cast in judgment, the reasonable and necessary cost of medical reports and copies of hospital records.