WATKINS, Judge.
Defendants, Vincent L. Vince and Zurich Insurance Company appeal the judgment of $75,000 awarded plaintiff, Brent Brown, for injuries sustained as a result of a battery committed by Vince’s employee and co-defendant James Fuller. The principal issues raised by this appeal are (1) the introduction of Fuller’s criminal conviction [1] into the evidence, and (2) Vince’s vicarious liability. We affirm the trial court.
The battery occurred on-April 17,1980 at Secrets Lounge in Baton Rouge. Vince is the owner of Secrets, Zurich the insurer, and Fuller an employee. It is disputed as to whether or not Fuller was working that night. Fuller was employed as a bouncer at Secrets on weekends and on nights that bands played. Fuller’s job was to keep the peace in Secrets, to prevent and settle disputes, and to handle any problems that arose at the coin operated pool table in the game room. When working Fuller was allowed to shoot pool. Fuller spent much of his free time at Secrets, and on several occasions while there on free time, including the night of the incident, Rick Kidder, the manager, would ask Fuller to watch the place while he stepped out. Kidder would pay Fuller for this out of his own pocket.
The altercation which led to this suit followed a game of pool in Secrets Lounge. The plaintiff, Brown, had been playing pool throughout the evening with several people. When these others left, Fuller asked Brown if he wanted to play a game for ten dollars. Brown agreed to the bet, played the game, lost and paid Fuller the ten dollars. Later on that evening, Fuller asked Brown if he wanted to play doubles and Brown agreed. Brown and his partner, Jamie James, lost that game to Fuller and his partner, James Brannon. Fuller informed the losers that they owed him and Brannon twenty dollars. Brown gave Fuller a twenty dollar bill. A few minutes later, Brown approached Fuller and said that he had thought the bet was for only ten dollars, as it had been previously. Fuller replied that the bet was for ten dollars a *1014 person, not just ten dollars a game. When Brown insisted that he had been playing for ten dollars a game all night, Fuller insisted that there should be no arguing inside the lounge, something he did regularly as part of his job, and referred to a sign that was posted.[2] Brannon also said that there was to be no fighting. Brown replied that he did not want to fight and handed the pool cue he was holding to James. When Brown turned toward Fuller again, Fuller hit him in the face with his fist, knocking Brown backwards and across the pool table. Brown suffered a cut lip, a bloody nose and blurred vision.
The following day, Brown sought medical attention for his vision. No surgery was ever performed on the eye. Dr. Hebert, an opthalomologist, testified that Brown has a sub-retinal hemorrhage and an iritis,[3] with no relative vision to speak of at all in his right eye.
As to the first issue in this appeal, Vince and Zurich contend that based on LSA-R.S. 13:3739, they were unduly prejudiced when the trial judge admitted into evidence James Fuller’s criminal conviction, without admonishing the jury that the conviction was inapplicable to the defendants other than Fuller.
LSA-R.S. 13:3739 reads in pertinent part:
A person claiming damages for injury to person or property, or for wrongful death, in a civil action may introduce evidence that a party alleged to have caused the damages was convicted, either after a trial or upon a plea of guilty,
... Proof of the conviction in the civil action shall create a rebuttable presumption that the party in fact committed those acts essential to the commission of the crime.
We find that evidence of the conviction was properly admitted. The quoted statute clearly authorizes the admission, in a personal injury action against the employer and his insurer, of pertinent battery convictions of his employee growing out of the incident and grounded on the employee’s conviction. The evidence admitted was relevant to Fuller’s tortious conduct and not unduly prejudicial to Vince or Zurich. Their liability is not contingent on Fuller’s tortious conduct, but on the scope of employment. That is the real issue before us.
An employer is liable for a tort committed by his employee if, at the time, the employee was acting within the scope of his employment. LSA-C.C. art. 2320; Miller v. Keating, 349 So.2d 265 (La.1977); LeBrane v. Lewis, 292 So.2d 216 (La.1974). Defendants, Vince and Zurich, contend that Fuller was not acting within the scope of his employment. They argue that the dispute which resulted in the battery was strictly personal in nature.
The particular facts of each case must be examined to determine whether the employee’s tortious conduct was within the scope of his employment. Miller v. Keating, supra; Walters v. Sentry Insurance Co., 354 So.2d 1087 (La.App. 2nd Cir.1978). The Supreme Court held in Le-Brane, supra, at p. 218, that the proper inquiry is whether the employee’s tortious conduct “was closely related in time, place and causation to his employment duties as to be regarded a risk of harm fairly attributable to the employer’s business, as compared with conduct motivated by purely personal considerations entirely extraneous to the employer’s interests.” See also Daniels v. Conn, 382 So.2d 945, 948 (La.1980).
In LeBrane, supra, a supervisory employee stabbed another employee whom the assailant had just fired and was attempting to evict from the employment premises. The Supreme Court held that the dispute was reasonably incidental to the performance of employee’s duty.
*1015 In two subsequent cases this court has followed LeBrane in similar factual situations. Fogg v. Lott, 444 So.2d 177 (La.App. 1st Cir.1983), is a case where a hotel doorman, in attempting to enforce employer’s dress code, struck an improperly dressed patron. This court held that the tortious conduct, of the doorman was reasonably incidental to the performance of his duties and was not based on purely personal considerations.
Faust v. Mendoza, 415 So.2d 371 (La.App. 1st Cir.1982), involved a situation similar to that sub judice, where a security guard who had been hired to keep order, was involved in an altercation with a patron on the premises, approximately 45 minutes before his scheduled work period. Again, this court held that since the guard was performing the exact duties for which he was employed, the altercation that resulted was obviously employment-rooted so as to be regarded as a risk of harm “fairly attributable to the employer’s business.”
In the instant case, the testimony established the following: that it was Fuller’s job to prevent and settle disputes that arose in the pool room; that Fuller had settled disputes even when he was off duty; that it was difficult for patrons to know whether Fuller was on duty or not; and when the dispute between Fuller and Brown arose, Fuller stated that it was the policy of Secret’s that all arguments should be taken outside.
As to the question of whether Fuller was working the night of the incident, Rick Kidder testified that he did not leave the bar that night. However, Dana Seagrest, a waitress that night, and Fuller, testified that Kidder did leave and that he (Fuller) did watch the place for Kidder. Fuller also testified that he was paid $10 by Kidder for his work that night. It is apparent that the jury found the latter more credible. Where there is a conflict in the testimony reasonable evaluations of credibility and inferences of fact should not be disturbed upon review absent manifest error. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
The trial jury concluded that Fuller’s tortious conduct was reasonably incidental to his duties as a bouncer and obviously employment-rooted so as to be regarded as a risk of harm fairly attributable to the employer’s business. We find these conclusions to be supported by competent evidence and not, therefore, manifestly erroneous.
For these reasons, the judgment of the trial court is affirmed. Appellants to bear all costs of this appeal.
AFFIRMED.

. State v. Fuller, 414 So.2d 306 (La.1982). Supreme Court affirmed Fuller’s conviction of second degree battery for striking Brown.

. Testimony establishes that there was a sign posted which said in effect, take your arguments outside.