WICKER, Judge.
This appeal arises from a judgment in favor of defendants, E.H. Gilmore, Inc., and Bituminous Insurance, granting their motion for summary judgment and against plaintiff, Conrad J. Adams. We reverse.
Conrad J. Adams and Chester Agee were both employed by E.H. Gilmore, Inc. Adams was Agee’s immediate supervisor on the job site. On June 23, 1980, Richard Seither, Gilmore’s foreman on the job site, called Agee into his trailer and terminated Agee’s employment with Gilmore. Agee then returned to the job site and battered Adams.
*574 Adams brought suit against Agee, Gilmore and Bituminous Insurance (insurer’s of Gilmore). Gilmore and Bituminous filed a motion for summary judgment claiming the undisputed facts showed no liability whatsoever on their part in that Agee was not in Gilmore’s employment at the time the battery was committed. Defendants’ motion was supported by the affidavits of Seither, Gilmore’s foreman, and Gerald Bourgeois, Jr. an employee (electrician’s helper) of Gilmore on the job site when Agee battered Adams. The motion, opposed by the affidavit of Adams, was granted and defendants were dismissed.
Adams brings this appeal, asserting as error:
(1) the trial court erred in granting defendants’ motion for summary judgment because there existed a genuine issue as to material fact between the parties, namely whether or not defendant, Chester Agee, was employed by defendant-appellee, E.H. Gilmore, Inc., at the time he battered appellant; and
(2) the trial court erred in granting defendants’ motion for summary judgment because appellees were not entitled to such a judgment as a matter of law, inasmuch as defendant, Chester Agee’s, battery of appellant was committed during the course and scope of defendant, Chester Agee’s, employment with appellant, E.H. Gilmore, Inc.
Appellant’s first specification of error raises the question whether or not Agee’s termination was immediate.
Seither, in his affidavit, stated:
“(5) Approximately one hour after the second inspection, Chester Agee came to affiant’s job site trailer office and asked affiant once again to lay him (Chester) off. After Chester informed affiant that he (Chester) had been walking around the building for the past several hours, affiant terminated Chester’s (sic; incomplete)
“(6) Affiant expected Chester to leave the job site immediately.
“(7) Approximately twenty (20) minutes after affiant terminated Chester’s employment, affiant saw Conrad Adams who was bleeding about his face from his nose.” (Emphasis added)
In his opposing affidavit, Adams stated:
“10. On June 28, 1983, after defendant Agee had battered affiant, Richard Seither told affiant that he (Seither) should have taken defendant Agee off the job immediately, instead of letting defendant Agee return to the job site and work the rest of the day; ....”
A reading of these opposing affidavits raises the question of whether or not Agee’s termination was immediate or whether Agee was to remain employed by Gilmore until the end of that work day. This question is a genuine issue of material fact.
The question of whether appellees are entitled to a judgment as a matter of law depends upon the determination whether Agee was acting within the course and scope of his employment. LSA-C.C. Art. 2320, Weysham v. New Orleans Public Service, Inc., 385 So.2d 19 (La.App. 4th Cir.1980), writ denied 392 So.2d 690. It is only when the employee’s tortious conduct is closely related in time, place and causation with his employment duties and the risk of harm is fairly imputable to the employer’s business can the employee’s conduct said to be within the course and scope of his employment. Sullivan v. Ekco Products, Inc., 434 So.2d 74 (La.App. 5th Cir.1982), writ denied 435 So.2d 442.
The record on appeal offers little facts establishing any nexus between Agee's tor-tious conduct and the course and scope of his employment. At this time we are unable to say whether appellees are entitled to a judgment as a matter of law based upon an insufficient record.
Summary judgments are not to be used as a substitute for trial and can be had only upon a showing that there are no genuine issues of material fact and that mover is entitled to a judgment as a matter of law. LSA-C.C.P. Art. 966, Gatlin v. Coca Cola Co., 461 So.2d 452 (La.App. 5th Cir.1984).
*575 Accordingly, for the above stated reasons the judgment granting appellees’ motion for summary is hereby reversed and the matter remanded for a trial on the merits. Costs of this appeal are to await final disposition of this matter.
REVERSED.