PER CURIAM.
This damage suit arose from a collision in Lafayette on September 22, 1984, between vehicles driven by plaintiff, Cynthia DeRouen Close, and defendant, Ulysses Girard, Sr. Besides Girard, the other defendants are his employer, Smith-Foreman Pipeline Construction Co. (Smith-Foreman), and the latter’s insurer, U.S. Fire Insurance Company (U.S. Fire).
The original petition contained no allegations that at the time of the accident Girard was employed by Smith-Foreman or that he was on a mission for the company. It simply alleged that there was coverage by Smith-Foreman’s insurer for the operators of its vehicles. Smith-Foreman filed a peremptory exception of no cause of action, and the other two defendants answered the petition, admitting the issuance of an insur- *1105 anee policy by U.S. Fire to Smith-Foreman, but denying liability.
The court’s ruling on the exception does not appear in the record, but from the first amending petition filed on September 5, 1985, it appears to have been sustained with leave to amend. In that amending petition the plaintiff alleged that the truck driven by Girard was owned by Smith-Foreman. Thereafter, plaintiff filed a second amending petition alleging that Girard was either an employee or agent of Smith-Foreman or was otherwise authorized to use its truck at the time of the accident.
Smith-Foreman’s exception was sustained and the suit was dismissed as to that defendant after a hearing on September 16, 1985, for the reason stated in a minute entry that plaintiff failed to allege Girard was within the course and scope of his employment at the time of the accident. The plaintiff has appealed.
It is axiomatic that under the doctrine of respondeat superior the employer is only liable for the torts of its employees that are committed while acting within the course and scope of the employer’s business. LSA-C.C. arts. 2317 and 2320; Brown v. Delegal Const. Corp., 445 So.2d 1251 (La. App. 3 Cir.1984); Puccio v. Finch, 454 So.2d 272 (La.App. 4 Cir.1984), writ denied, 458 So.2d 478 (La.1984); Sullivan v. Ekco Products, Inc., 434 So.2d 74 (La.App. 5 Cir.1982), writ denied, 435 So.2d 442 (La.1983).
It is also well settled that this peremptory exception is triable solely on the petition and any annexed documents; that all well-pleaded allegations are accepted as true; and any doubts must be resolved in favor of the sufficiency of the pleadings to state a cause of action. Gibbs Const. v. Board of Supervisors of L.S.U., 447 So.2d 90 (La.App. 4 Cir.1984).
There being no allegation in the original or amending petitions that can be reasonably construed as reflecting that Mr. Gir-ard was within the course and scope of his employment at the time of the accident, the trial judge was correct in sustaining the exception.
LSA-C.C.P. art. 934 mandates that the judgment sustaining a peremptory exception shall allow the plaintiff to amend when the grounds of the objection may be removed thereby. However, in this case the plaintiff has not contended, either in the district court or before us, that she can amend the petitions to supply the necessary allegation that Girard was on a mission for his employer. This and the fact that after judgment on the exception the plaintiff filed a third amending petition which does not contain the allegation necessary to remove the ground on which the employer relies for its exception leads us to believe that the plaintiff is unable to make such an amendment on the basis of available information. Consequently, to remand with leave to amend would be a vain and useless act. Gibbs v. Board of Supervisors of L.S.U., supra; Ustica Enterprises, Inc. v. Costello, 434 So.2d 137 (La.App. 5 Cir.1983), affirmed on rehearing 454 So.2d 908 (La.App. 5 Cir.1984); Woolridge v. Mouledoux, 398 So2d 1272 (La.App. 4 Cir.1981).
Accordingly, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.