GULOTTA, Judge.
In these consolidated suits, the Bank of Louisiana was awarded a judgment against Nathan Merriell in the sum of $2,564.86, the unpaid balance due on a loan for the purchase of an automobile. Judgment was also rendered in favor of Merriell and against Bayou Pontiac, Inc., the car dealer, in the sum of $3,564.86. Defendant Bayou Pontiac appeals; Merriell does not.
The facts are that on September 21,1972, Merriell purchased an automobile from Bayou Pontiac and executed a note and chattel mortgage providing for monthly payments over a three-year period. Included in the sale and mortgage was a charge of $188.00 for “Required Physical Damage Insurance” which included fire, theft and comprehensive insurance. According to the sale, the comprehensive coverage was for a term of 12 months. Although the insurance premium was collected by the automobile dealer, who was also an agent for the comprehensive insurance carrier, no comprehensive policy was issued to the purchaser. In the chattel mortgage, Merriell also paid premiums for life, health and accident insurance extending over the three-year term of the loan.
Merriell’s automobile was stolen and destroyed by fire in February, 1974, approximately five months after the expiration of the 12-month comprehensive policy coverage, had it been issued. Upon learning that no coverage existed for the theft and destruction of the automobile, Merriell discontinued payments on the bank loan.
In the resulting litigation, Merriell, in the third-party demand and in a separate suit against Bayou Pontiac, claimed that at the time of the purchase the salesman had told him, his wife and daughter (who were present at the time of the purchase) that he was being provided with three years’ full comprehensive coverage on the automobile. This claim is denied by the salesman who stated that he had explained to Merriell every item on the contract, which included a premium for only 12 months’ comprehensive coverage.
*732 Recovery by a client against his insurance agent for loss suffered as a result of the agent’s failure to obtain desired insurance coverage is permitted when the agent’s actions warrant an assumption by the client that he is properly insured. Karam v. St. Paul Fire & Marine Insurance Company, 281 So.2d 728 (La.1973); Kieran v. Commercial Union Insurance Company of New York, 271 So.2d 889 (La.App.4th Cir. 1973). In such cases, plaintiff has the burden of proof. See Kieran v. Commercial Union Insurance Company of New York, supra.
Although no reasons were assigned by the trial judge, implicit in his judgment in favor of Merriell and against Bayou Pontiac is a credibility determination that a representation was made by the salesman to Merriell that comprehensive coverage would be provided for a period of 36 months and, although the chattel mortgage indicated coverage for a period of 12 months, that no policy was in fact issued to the purchaser. The record supports this credibility determination. Accordingly, we affirm.
Merriell, who had only the benefit of a third-grade education and who stated he was unable to read very well, testified that the salesman had told him he had full comprehensive coverage for a period of three years. His wife and daughter, who were present at the time the automobile was purchased, corroborated his testimony. Merriell had purchased an automobile from the same salesman on a prior occasion and testified that he had relied on the salesman to tell the truth.
Approximately six months after the purchase, Merriell was involved in an automobile accident and learned at that time that he had not been provided with comprehensive coverage although he had paid the premium. The damage to Merriell’s car was paid by the insurer of the other automobile involved in the accident. At this time Merriell purchased comprehensive coverage at a cost of $196.00 for a six-month period (March, 1973 to September, 1973) from an insurer to which Merriell had been referred by the automobile salesman. Subsequent to the expiration of this comprehensive coverage, the automobile was stolen. We might add that, significantly, a representative of the bank testified that comprehensive coverage on the automobile was required during the entire term (36 months) of the loan.
Considering the circumstances surrounding the purchase of the automobile, we conclude that Merriell was led to believe that comprehensive coverage was provided on the automobile over the entire term of the loan for which he had paid the required premium. The salesman could have dispelled this belief but was responsible for Merriell’s mistaken impression.
Bayou contends that Merriell learned, at the time of the automobile accident six months after the purchase, that no comprehensive coverage had been afforded. At that time he obtained from another insurer coverage, but only for a period of six months (March, 1973 to September, 1973). According to Bayou, it was Merriell’s failure to obtain comprehensive coverage for the remaining outstanding period of the loan that resulted in his (Merriell’s) loss. We reject this contention. Merriell paid for comprehensive coverage for a period of 12 months and received no coverage. He was advised by the salesman that he had coverage for the entire three-year period. Under such circumstances, he is entitled to recover from the auto dealer who acted as insurance agent but who failed to procure coverage as orally represented. See Karam v. St. Paul Fire & Marine Insurance Company, supra.
At the time he was referred to another insurance agency for the second purchase of the comprehensive insurance, Merriell reasonably could have been under the impression that coverage was being provided for the remainder of the three-year period. In the final analysis, this purchaser, because of the automobile salesman’s representations, obtained 6 months’ comprehensive coverage although he paid premiums totalling in excess of that required for coverage over a two-year period. The automobile was stolen and the loss incurred in February or *733 March, 1974, within two years of the automobile purchase in September, 1972.
Under the circumstances, we find no error in the judgment of the trial court. Quantum is not in issue. The judgment is affirmed.
AFFIRMED.