GULOTTA, Judge.
Defendants appeal from a judgment of eviction from the leased premises (a bar, lounge and restaurant) located at 911 Burgundy Street in the Burgundy Inn. We affirm.
Defendants occupy the premises by virtue of an assignment of a written lease for a period of five years commencing July 1, 1977 and terminating on June 30, 1982.
The primary basis relied upon by plaintiff for the eviction is defendants’ failure to maintain and have inspected and reinspected automatic fire extinguishing kitchen *601 equipment and to properly degrease and clean the kitchen area including the exhaust vent and hood, as required by the fire insurer. According to plaintiff, these omissions constitute a fire hazard and are cause, under the lease terms, for insurance coverage to “become void or suspended”, thereby resulting in the lessor being unable to “obtain fire or other casualty insurance . .” The specific terms of paragraph 16 of the lease relied upon by plaintiff are as follows:
“If the rate of fire or other casualty insurance covering the leased premises is increased due to acts of Lessee, Lessee shall pay to Lessor the increased cost of such insurance. Lessee will not do or cause or suffer to be done any act or thing whereby the policy or policies of fire or other casualty insurance covering the leased premises shall become void or suspended. Should Lessee’s occupancy cause Lessor to be unable to obtain fire or other casualty insurance covering the leased premises, Lessor shall have the right to terminate this lease upon giving Lessee not less than ten (10) days’ prior written notice. Lessee agrees to notify Lessor at any time the leased premises will become unoccupied, so that Lessor may obtain necessary vacancy permits from Lessor’s insurers.”
Plaintiff further contends that the lease had been violated by defendants’ failure to obtain adequate plate glass insurance coverage and liability insurance to the extent stipulated under the lease terms. Finally, plaintiff argues that defendants breached the lease agreement by allowing the premises to be used for unlawful purposes (i. e., smoking marijuana and nude bathing.)
The primary thrust of the defendants’ appeal is that plaintiff failed to give the required thirty day notice to correct the deficiencies. According to defendants, paragraph 16 of the lease, relied upon by plaintiff, is ambiguous in that under the general lease terms failure to comply with the lease provision provides for a thirty day notice. Defendants argue that the ten day notice, included in paragraph 16 of the lease, applies only where lessees’ occupancy has caused the lessor to be unable “to obtain fire or other casualty insurance.” Defendants claim because the lessor did in fact obtain the insurance and was only apprehensive that the insurance would become void or suspended, the ten day notice does not apply. In other words, defendant contends that the third sentence of paragraph 16 quoted hereinabove, provides for a ten day notice but the second sentence of that paragraph requires a thirty day notice under the general notice terms of the lease. Defendants argue that they corrected the deficiencies within the thirty day period.
MOTION TO DISMISS APPEAL
Before addressing the merits of the appeal it is necessary that we dispose of plaintiff’s Motion to Dismiss the appeal which was referred to the merits by an April 17, 1979 Order of this Court. The primary basis for the Motion to Dismiss was defendants’ failure to comply with LSA-C.C.P. article 4735[1] which permits a suspensive appeal in an eviction only when the defendant has answered the rule under oath alleging an affirmative defense. No answer was filed.
LSA-C.C.P. article 4731 provides that in an eviction suit the occupant be cited summarily. LSA-C.C.P. article 2593 relating to summary proceedings states, inter alia, that an answer is not required, except as otherwise provided by law. As stated herein-above, LSA-C.C.P. article 4735 provides that a suspensive appeal may not be taken unless the defendant has answered the rule *602 for possession under oath pleading an affirmative defense entitling him to retain possession of the premises.
We reject lessees’ argument that the trial judge erred in denying their request to be allowed the delays for answering as provided for in LSA-C.C.P. article 1001.[2] Because an eviction proceeding is a summary proceeding which may be heard on a rule to show cause, it is clear that the time for answering as set forth in LSA-C.C.P. article 1001 is not applicable.
Furthermore, our review of the record discloses that immediately after the court overruled the Exceptions of Vagueness, Ambiguity and Unauthorized Use of Summary Proceedings filed by lessees, counsel for Big Kahuna stated:
“I make an objection on the part of defense to the Court’s ruling in that we are unable to proceed with the defense due to the Court’s ruling.”
There exists no indication in the record that the request was made of the trial judge for time or for an opportunity to file an answer. This is not to say that the trial judge should have granted a request for an extension of time to file an answer in the summary proceedings, but only to point out that no such request was made by lessees.
Accordingly, because of failure to comply with LSA-C.C.P. article 4735, lessees are not entitled to a suspensive appeal. However, the appeal is viable as a devolu-tive one.
MERITS OF THE APPEAL
Because of lessees’ failure to obtain adequate liability and plate glass insurance required in the lease, we find no necessity to discuss the notice requirements of the lease. For the same reason, we need not discuss the claim that defendant used the leased premises for unlawful purposes.
According to paragraph 41 of the lease, lessees were required to provide and maintain liability insurance on the leased premises in the amount of “$100,000 as to one person, and $300,000 as to more than one person . . . and for property damage in the amount of $100,000 as to any one occurrence on leased premises.” Additionally, paragraph 42 requires the lessee to provide and maintain “plate glass insurance in an amount adequate to cover any and all plate glass forming a part of the leased premises.” The lease provides further that failure by lessees to comply with the lease provisions within thirty days after notice demanding compliance permits lessor, at his option, to cancel the lease.
In a September 11, 1978 letter from the lessor the lessees were advised that they had not complied with paragraphs 41 and 42 and were advised further to furnish, within thirty days, copies of the policies, indicating coverage. In a September 25, 1978 letter lessees were given a five day notice to vacate the leased premises.
Apparently, in response to the September 11th letter, lessees obtained an insurance binder dated October 6, 1978 showing Owners’ Landlords’ and Tenants’ coverage for Bodily Injury in the sum of $300,000 and Property Damage in the sum of only $50,-000 from September 22, 1978 to September 22, 1979. Perhaps, more significantly, we fail to find any evidence of lessees’ compliance with the plate glass insurance requirements of the lease.
However, lessees contend that the complaints of failure to obtain plate glass insurance and of inadequate property damage insurance were issues not raised at the trial and cannot be considered by this court on appeal; that lessors are bound by the act of its insurer agent who (lessees claim) acquired the property damage insurance for *603 lessee, at the lessor’s request; and, that because the leased premises did not contain plate glass, insurance for this loss was unnecessary. We find no merit to these contentions.
The insufficiency of property damage insurance and failure to obtain plate glass insurance were issues raised at the trial. Lessor alleged in its amended petition that lessees had actively breached the lease by non-compliance with paragraphs 41 and 42. Both the Managing Agent for lessor and the President of the plaintiff corporation testified relative to violations of paragraphs 41 and 42 by their failure to comply with the insurance provisions of the lease. Clearly, defendants were put on notice of these issues at the trial level.
Further, we find no merit to lessees’ claim that lessor’s insurance agent failed to obtain the proper insurance coverage, and under the circumstances, lessor is estopped from now complaining of the insufficiency of the insurance coverage. In Federal Ins. Co. v. C & W Transfer and Storage Co., Inc., 282 So.2d 563 (La.App. 4th Cir. 1973) we stated that the burden of showing that an agent acted within the confines of authority given to him by the principal is upon the third party who seeks to hold a principal liable. See also Buckley v. Woodlawn Development Corporation, 233 La. 662, 98 So.2d 92 (La.1957).
In support of the existence of an agency relationship lessees’ place reliance on the testimony of the Managing Agent for Pledge who testified that he offered lessees the use of its (lessor’s) insurance agent for the purpose of obtaining the required insurance. Lessees further claim that this witness indicated that he was informed by the insurance agent that the insurance had been obtained by the lessees. It is true that this witness testified as indicated by lessees. It is also true that an exhibit in the record indicates that the lessor’s insurance agent was the same agent who was notified of the existence of a binder by the insurer covering lessees for $50,000 property damage.
However, as stated in the Buckley and Federal Ins. Co. cases, in order to bind a principal for the acts of an agent, it is necessary that a showing be made that the agent acted within the authority given to him by the principal. There exists no evidence that the agent who obtained the property damage insurance was acting for the principal lessor, vested with the authority in the name of the lessor to acquire the lesser amount of property damage insurance for the lessees. Under the circumstances, we are led to conclude that lessees failed to show the agent acted within the authority delegated by the principal.
Finally, we reject lessees’ argument relating to the absence of plate glass on the leased premises. By the terms of the lease, plate glass insurance is required. Reference was made at the trial to lessees’ failure to obtain the plate glass insurance coverage. At no time did lessees offer evidence to show that the leased premises contained no plate glass. The only reference to this suggestion is by lessees in a supplemental brief. Without evidentiary support we clearly find no merit to this argument.
Lessees simply failed to do that which was required under the leased terms and lessor is entitled to cancellation of the lease and possession of the premises.
Accordingly, the judgment of the trial court is affirmed.

AFFIRMED.

. LSA-C.C.P. article 4735 reads as follows:
“Art. 4735. Appeal; bond.
An appeal does not suspend execution of a judgment of eviction unless the defendant has answered the rule under oath, pleading an affirmative defense entitling him to retain possession of the premises, and the appeal has been applied for and the appeal bond filed within twenty-four hours after the rendition of the judgment of eviction. The amount of the suspensive appeal bond shall be determined by the court in an amount sufficient to protect the appellee against all such damage as he may sustain as a result of the appeal.”

. LSA-C.C.P. article 1001 reads as follows:
“Art. 1001. Delay for answering.
A defendant shall file his answer within fifteen days after service of citation upon him, except as otherwise provided by law.
When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within ten days after the exception is overruled or referred to the merits, or ten days after service of the amended petition.
The court may grant additional time for answering.”