406 So.2d 738 (1981)
Max J. NEUSTADTER and Terry Magee
v.
Andra BRIDGES, Asia Baptist Church and ABC Insurance Company.
No. 12100.
Court of Appeal of Louisiana, Fourth Circuit.
November 12, 1981.
Rehearing Denied December 18, 1981.
*739 Rodney P. Vincent, New Orleans, for plaintiffs-appellees.
Girard J. Fernandez, New Orleans, for defendants and third-party plaintiffs-appellants.
James A. Gray, II, Jefferson, Bryan & Gray, New Orleans, for Leon Fulton, Stephen Johnson and Fulton and Johnson Ins. Agency.
Leonard A. Young, Bienvenu, Foster, Ryan & O'Bannon, New Orleans, for National Fire & Marine Ins. Co., third-party defendant and appellee.
Before GULOTTA, GARRISON and BARRY, JJ.
GULOTTA, Judge.
This matter arises out of injuries sustained in an intersectional automobile accident. Quantum, insurance coverage, damages for frivolous appeal, and costs are in issue. We affirm.
Plaintiffs, Max J. Neustadter (driver), and Terry Magee (guest passenger) were injured on June 20, 1978, when their vehicle collided with a van driven by Andra Bridges and owned by Asia Baptist Church. Defendants, Bridges and the Church,[1] third partied Leon R. Fulton, Stephen S. Johnson, III, the Fulton & Johnson Insurance Agency, and the National Fire and Marine Insurance Company, alleging that the third-party defendants had provided insurance coverage on the Church's van and were responsible to Bridges and the Church for any amount that might be cast in judgment to plaintiffs.
After trial on the merits, judgment was rendered in favor of plaintiff Magee and against Bridges and the Church in solido in the sum of $4,200.47, and in favor of Neustadter and against the same defendants in the sum of $3,415.97. Judgment was further rendered in favor of Bridges and the Church on their third-party demand against Fulton, Johnson, and Fulton & Johnson Insurance Agency for the same sums payable by Bridges and the Church to plaintiffs on the main demand. The third-party demand against National Fire and Marine Insurance Company was dismissed. Expert fees of a doctor and handwriting expert were taxed as costs payable only by Fulton, Johnson and their insurance agency.
Appealing, the insurance agents contend the trial judge erred in concluding that they had represented to the Church that an insurance binder for liability coverage on the Church's van was issued prior to the date of the accident. Alternatively, they argue that the insurance company should be bound if they are held liable. The agents further claim that the awards are excessive and that the judge erred in assessing costs *740 against them. Also appealing, third-party plaintiffs, Bridges and the Church (though not quarreling with the finding of liability or the judgment on the third-party demand) contend that Magee and Neustadter's awards of $3,000.00 each for their pain and suffering are excessive. In answer to this appeal, plaintiffs argue that the appeal is frivolous, entitling them to damages and attorney's fees.
Since the accident occurred on June 20, 1978 but the effective date of the policy issued by National Fire and Marine was June 23,1978, the issue before us is whether the insurance agents had issued an oral binder to the Church before the accident, thereby assuring it that its van had liability coverage. Evidence on this question was conflicting.
According to the Church's version, Freddie Johnson, a Church deacon and trustee, phoned the Fulton & Johnson agency and placed insurance with them on a newly purchased van on June 14. The Church on a prior occasion (March, 1978) had obtained an accident and medical expense policy through the Fulton & Johnson agency. According to this witness, in a telephone conversation with Mrs. Byrd, a Fulton & Johnson employee, he was told that a liability insurance binder was issued effective June 14. According to Johnson, Mrs. Byrd did not discuss the need to sign and fill out an application for insurance and indicated to Johnson that there "would be no problem" if the premium were paid within "a week or so." According to Johnson, they agreed that the Church's check for the premium would be mailed or brought to the agency's office.
Freddie Johnson's testimony was corroborated by that of Rev. Zebadee Bridges, the pastor of the Church, and James H. Bradshaw, Jr., the Manager and Vice President of the Bank of New Orleans, the lending institution which financed the purchase of the van. According to Bradshaw, the bank had a policy of not releasing any funds for the purchase of a vehicle unless it was satisfied that insurance coverage was in effect. Rev. Bridges had arranged the loan with the bank on June 15, 1978. According to Bradshaw, on that date he telephoned the Fulton & Johnson agency and was assured that the van was covered with an insurance binder at that time. With that assurance, the loan was made and the van was purchased.
Following the accident on June 20, Fulton & Johnson received the insurance premium check from the Church. The application for insurance allegedly signed by Zebadee Bridges bore the date "6/23/78" as the date coverage was desired, but the trial court, in examining the document, found that a June 14 date had been "whited out" and the June 23 date written over the earlier date. Rev. Bridges testified that the signature on the document was not his and counsel stipulated that a handwriting expert, Gilbert Fortier, if called by the Church, would testify that the signature on the application blank for insurance was not the same as Rev. Bridges' comparable signatures on other documents. Fulton & Johnson Insurance Agency's form "Insurance Binder" was also introduced into evidence and bears the effective date of "6/23/78".
According to Fulton & Johnson's version, the insurance binder was not effective until the premium was paid on June 23, 1978. Gloria Byrd, the insurance agency employee who prepared the application, testified that despite Freddie Johnson's statement to her that he would pay the premium on June 14, no payment was made on that date. On June 23, according to Byrd, Rev. Bridges paid the premium and at that time she redated, from June 14 to June 23, the application and binder she had earlier prepared. Byrd stated that she did not receive a call from the Bank of New Orleans or Mr. Bradshaw on June 14 or 15 and that it was not the policy of the agency to issue a binder over the telephone. She testified that she did not know Rev. Bridges and had never seen Freddie Johnson and she could not issue a binder for a new customer. According to Byrd, she specified to Freddie Johnson that he had to come in the office, complete the application and pay the premium before the binder could be issued.
*741 Byrd's testimony was corroborated by that of Stephen Johnson, III of Fulton & Johnson Insurance Agency. Johnson stated that his office only issued binders for automobile coverage on the phone if there was existing coverage in force and then only on private passenger vehicles. According to Johnson, a commercial risk such as the Church's had to be accompanied by a check for the deposit premium to be considered as a completed application.
An insurance broker has a fiduciary responsibility to the insured as well as to the insurer and is liable for his own fault or neglect. LSA-C.C. Art. 3003; Thomas v. House of Toyota, 286 So.2d 504 (La.App. 1st Cir. 1973), Britten v. Payne, 381 So.2d 855 (La.App. 1st Cir. 1980), writ denied, 384 So.2d 800 (La.1980); Board of Trustees, Etc. v. St. Louis Fire & Mar. Ins. Co., 306 So.2d 777 (La.App. 4th Cir. 1974). A client is entitled to recover from an insurance agent any loss sustained by the agent's failure to obtain the requested insurance, if the agent's actions warrant an assumption by the client that he was properly insured. Trahan v. Bailey's Equipment Rentals, Inc., 383 So.2d 1072 (La.App. 3rd Cir. 1980), writ denied, 390 So.2d 1342 (La.1980); Merriell v. Pattison/Bayou Pontiac Co., Inc., 359 So.2d 730 (La.App. 4th Cir. 1978); Walker v. Fontenot, 329 So.2d 762 (La.App. 1st Cir. 1976), writ denied, 332 So.2d 217 (La.1976).
Although no written reasons were assigned by the trial judge, implicit in his ruling in favor of the Church and against Fulton & Johnson Agency on the third-party demand is a finding that the insurance broker's conduct warranted an assumption by the Church that a binder had been issued for coverage on the van prior to the June 20 accident. The conflicting testimony considered, we cannot say the trial court erred.
We further find no error in the dismissal of the third-party demand against National Fire and Marine Insurance Company. It is clear that coverage was not afforded by the insurer until after the accident when the completed application was submitted by the Fulton & Johnson agency. Fulton & Johnson acted as insurance "brokers" or agents for the insured, the Church, and not as agents or the insurance company. Under these circumstances, any representations made by the brokers to the Church concerning coverage were not binding on the insurer. See Trinity Universal Insurance Company v. Good, 202 So.2d 379 (La.App. 4th Cir. 1967). Likewise, any fault of the brokers in handling the matter for the Church is not imputable to the insurer. See Ackel v. Mid-South Underwriters, Inc., 377 So.2d 496 (La.App. 3rd Cir. 1979), writ denied, 378 So.2d 1389 (La.1980).
We likewise find no error in the $3,000.00 general damage[2] awards to each of the injured plaintiffs.
Dr. Julius Levy, a general surgeon who treated plaintiffs, testified that he first saw Magee on June 23, 1978. This 23-year-old plaintiff complained of pain in his neck and left flank area above the hip and below the ribs. Dr. Levy found restriction of motion in the neck and spasm in the neck muscles on both sides. The doctor diagnosed contusion of the rib cage area and cervical strain. Magee was given medications for pain and spasm, was seen by Dr. Levy on five occasions, and received physical therapy treatment on twenty-two occasions. His condition gradually improved until he was discharged on September 6, 1978. Magee testified that when his vehicle collided with the van he was thrown violently to the right side of his car and hurt the back of his neck and his left side. He stated that he had stayed home five days after the accident before returning to work in the brick laying trade.
Neustadter, the passenger in Magee's car, testified that he had injured his neck and shoulder when he was thrown into the door of the vehicle. This fifty-three-year old bricklayer was also treated by Dr. Levy for complaints of pain in both upper shoulders, neck and right arm. The physician found muscle spasm with restriction of motion in the neck. Dr. Levy prescribed a *742 muscle relaxant, pain medication and the same physical therapy regimen undertaken in Magee's case. Neustadter was examined by the physician five additional times and underwent physical therapy twenty-eight times before his discharge on September 11.
Considering the medical evidence, we cannot say the trial judge abused his discretion in awarding each plaintiff $3,000.00 in general damages. The awards are neither excessive nor inadequate.
We do find error, however, in the trial court's judgment making the expert's fees payable only by the third-party defendant insurance brokers. Although the taxing of costs is discretionary with the trial judge,[3] it appears in our case to be basically inconsistent to render judgment in favor of plaintiffs and against defendants on the main demand with judgment further in favor of defendants over and against the brokers on the third-party demand, and yet to assess costs solely against the third-party defendants. It apparently was an oversight on the judge's part not to assess costs against the defendants, Bridges and the Church, on the main demand.
Finally, we reject plaintiffs' claim that the appeal is frivolous. Although we find no abuse of the trial court's discretion in the amount of the general damage awards, we find defendants' arguments serious and well presented. Appeals are to be encouraged, and damages for frivolous appeal do not lie unless it manifestly appears the appeal was taken solely for delay or there was no serious belief in the merits of the appeal. LSA-C.C.P. Art. 2164; Parser v. Interstate Life & Accident Insurance Co., 248 La. 449, 179 So.2d 634 (La.1965). We do not find this appeal to be a frivolous one.
Accordingly, for the foregoing reasons, the judgment in favor of plaintiffs and against defendants Bridges and the Church is amended to the extent of assessing costs and expert's fees against Andra Bridges and Asia Baptist Church, in solido. In all other respects, the judgments on the main and third-party demands are affirmed.
AMENDED AND AFFIRMED.
NOTES
[1] Also named as defendant was an unknown liability insurer of the defendants, styled as the "ABC Insurance Company."
[2] The special damage awards are not contested.
[3] See LSA-C.C.P. Art. 1920; Gatheright v. State Farm Mut. Auto. Ins. Co., 352 So.2d 428 (La.App. 3rd Cir. 1977).