GULOTTA, Judge.
Sub-lessee-intervenor, Gilbert Copeland, appeals from a judgment in favor of plaintiff-lessors terminating a commercial lease and evicting the lessee for failure to obtain insurance and to furnish certificates of insurance timely as required by the lease. Copeland claims the required insurance was obtained and that the lessee’s failure to furnish a certificate of insurance was not a “material” breach entitling lessors to dissolution of the lease. We disagree. Accordingly, we affirm.
*626 Under the November 4, 1970 lease on 7249-7251 West End Boulevard, Tastee Donuts, Inc., lessee, was obligated to maintain liability and property insurance and to deliver to lessor “certificates” of coverage. The lease further provided that lessors were entitled to cancellation of the lease where a violation occurred and lessee failed to correct it within 30 days after written notice.
Tastee subsequently sub-leased 7251 West End Blvd. to H. Richard Runnels, III, who operated a Tastee Donut franchise, Buddy’s Tastee No. 1, Inc. (Buddy’s). Tastee also sub-leased 7249 West End Blvd. to Copeland.
When the lessors sued to evict Tastee for non-compliance with the insurance provisions of the lease, the trial judge allowed the sub-lessees to intervene. From the judgment terminating the lease and dismissing the interventions, only Copeland has appealed. Tastee and Buddy’s have not appealed.
MOTION TO DISMISS
Plaintiffs have filed a motion to dismiss Copeland’s appeal on the ground that the matter is now moot because Tastee has not appealed and Copeland’s rights as a sub-lessee, which are derived from the original lessee, have ceased to exist. In response to the motion, Copeland claims that under LSA-C.C.P. Art. 1091[1], he, as a sub-lessee, has a justiciable right related to the subject matter of the suit and the appeal is not moot as to his rights. Because we affirm the judgment of the trial court terminating the lease, we conclude that no purpose is served in considering the motion to dismiss.
MERITS
In written “FINDINGS OF FACT AND REASONS FOR JUDGMENT”, the trial judge stated:
“The lessee failed to furnish the certificates of insurance timely as required by the lease and further failed to furnish such certificates within the thirty day grace period following notice given in accordance with the lease terms. The lessee’s claim herein that even though certificates of insurance were not timely furnished lessors, the required insurance as to 7249 West End Boulevard was in force timely is not supported by credible evidence. The witness Arceri’s testimony as to that matter is not believable. I find that the required insurance, at all material times, was not in effect and lessors were without the protection to which they were entitled. Thus lessee was guilty of a major, material and important violation of the lease terms and lessors are entitled to cancellation of the lease and possession of their property.”
The record supports these conclusions. Commencing on April 6, 1977, and thereafter, the lessee failed to comply with the lessors’ written requests to obtain the required coverage and furnish certificates of insurance. Patrick Drury, Copeland’s insurance agent, testified that coverage on the leased property was cancelled on May 28, 1980.
Lynn Rose Mayeux, service office manager for Security Insurance Company, testified that in late December, 1979 or early January, 1980, an insurance agent, Frank Arceri, had discussed insurance coverage on the West End Blvd. property. Although an application for coverage with Security was sent by Mayeux to Arceri on January 23, 1980, it was not until June 24, 1980 that Arceri’s office requested a policy on the property, retroactive to April 13, 1980. Mayeux agreed to issue the retroactively dated policy upon assurances that no loss had occurred in the interim. The July 11, 1980 application was reviewed by Mayeux *627 on July 14, and the predated policy was mailed on August 15, 1980.
Arceri testified that Copeland had called him in early April, 1980 requesting coverage on the property. According to Arceri, he orally bound coverage but issued no written binder. No notice was given by Arceri to Mayeux that an oral binder had been made.
Mayeux stated that Arceri has authority to bind coverage on behalf of Security Insurance, but is required to submit written notification within three days after orally binding coverage. According to Mayeux, because Arceri did not meet the three day written notification requirement to bind the policies, the company would not have been obligated to bind a claim occurring, for example, on June 1, 1980.
The evidence considered, we conclude, as did the trial judge, that no insurance coverage, as required by the lease, was provided by lessee between May 28, 1980 and August 15, 1980. The retroactive dating of the “effective” date of the policy cannot cure the obvious lapse in coverage. As pointed out by the trial judge, this lapse in coverage was a “major, material and important violation of the lease terms” entitling lessors to terminate the lease. See Pledge Dev. Corp. v. Big Kahuna Enterprises, 376 So.2d 600 (La.App. 4th Cir. 1979).
We likewise are not persuaded by Copeland’s contention that the trial judge erred in permitting parol evidence to vary the insurance contract by showing a different effective date from that set forth on the face of the policy. The evidence was not offered to vary or contradict the terms of the policy but to explain the ambiguity of the retroactively April 13, 1980 effective date of the August, 1980 policy. Furthermore, it was Copeland who called Mayeux to testify.
Finally, we find no merit to plaintiffs’ claim for damages and attorney’s fees for frivolous appeal under LSA-C.C.P. Art. 2164. Although we affirm the judgment appealed from, we cannot say the issues raised by Copeland are not serious. We, therefore, decline to award damages for frivolous appeal. See Parker v. Interstate Life & Accident Insurance Co., 248 La. 449, 179 So.2d 634 (La.1965); Neustadter v. Bridges, 406 So.2d 738 (La.App. 4th Cir. 1981). Accordingly, the judgment is affirmed.
AFFIRMED.