454 So.2d 272 (1984)
Vero B. PUCCIO
v.
Mark S. FINCH, et al.
Gordon A. SAUSSY
v.
Mark S. FINCH, et al.
Nos. CA-1685, CA-1686.
Court of Appeal of Louisiana, Fourth Circuit.
July 3, 1984.
Writ Denied October 26, 1984.
*273 Roy A. Raspanti, George J. Dowd, New Orleans, for Elevating Boats, Inc., appellee.
Jacques F. Bezou, New Orleans, for Vero B. Puccio, appellant.
Stewart E. Niles, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for Gordon A. Saussy, appellant.
Before GULOTTA, SCHOTT and WILLIAMS, JJ.
GULOTTA, Judge.
In these consolidated cases arising out of a vehicular accident, plaintiffs appeal the dismissal, by summary judgment, of their claims against the defendant driver's employer. In answer to the appeal, the employer seeks damages for frivolous appeal. We affirm.
Although the trial judge assigned no written reasons, implicit in his summary judgment is a conclusion that the defendant driver was not acting within the course and scope of his employment at time of the accident, and, therefore, that his employer cannot be held liable under the doctrine of respondeat superior.
The undisputed facts, obtained from deposition, are as follows: Plaintiffs, Vero B. Puccio and Gordan A. Saussy, were injured at approximately 7:30 a.m. on Sunday, October 12, 1980, when a pickup truck driven by defendant, Mark S. Finch, rear-ended Puccio's van, boat and trailer on Hwy. 23 in Plaquemines Parish.
At the time of the accident, Finch was employed by Elevating Boats, Inc. as a lift-boat captain on a vessel docked in Venice, Louisiana. He was paid for work hours between 6 a.m. and 6 p.m. Finch was on call for a 24 hour period and, according to company policy, was to remain *274 on the boat, except for emergencies or, on occasion, to eat.
On the day before the accident, Finch notified his employer that his vessel needed a starter. Shortly past midnight on the morning of the accident, however, although food was available on the vessel, Finch and a crew member, in violation of their employer's rules, left the vessel and drove 20 miles in Finch's truck to a lounge where they drank beer, and thereafter engaged in general "goofing around" on a levee in Buras for several hours. At approximately 6:30 a.m., they drove to a convenience store. They then left the store to drive back to their vessel, and the accident occurred about 15 minutes later.
Appealing, plaintiffs contend the trial judge erred in granting summary judgment in favor of the defendant employer because there is a "permissible inference" from the facts that Finch was acting in the course and scope of his employment and was in the "service of the ship" at the time of the accident. According to plaintiffs, several circumstancesFinch's status as captain, his leaving the disabled vessel at dockside after notifying a dispatcher (not the employer's dispatcher), his purchase of food at a convenience store, his attempt to return to the vessel, and the occurrence of the accident during normal working hours when he was compensatedgive rise to a number of inferences and credibility issues that should be weighed in a jury trial. We disagree.
It is clear that the circumstances leading up to the accident are not in dispute. The legal conclusion determined by those facts, i.e. whether or not Finch was acting in the course and scope of his employment at the time of the accident, is therefore ripe for summary judgment as a matter of law.
An employer is not liable for the acts or omissions of his employee under the doctrine of respondeat superior unless the tort was committed in the course and scope of the employment. LSA-C.C. Art. 2320; Lebrane v. Lewis, 292 So.2d 216 (La.1974); Weysham v. New Orleans Public Service, Inc., 385 So.2d 19 (La.App. 4th Cir.1980). Resolution of this issue depends on the facts and circumstances of each case, and includes whether the employee's conduct is closely related in time, place and causation to his employment. Daniels v. Conn, 382 So.2d 945 (La.1980); Schaeffer v. Duvall, 421 So.2d 262 (La.App. 4th Cir.1982). An employee's violation of his employer's expressed directions or rules is not necessarily conclusive. Normand v. City of New Orleans, 363 So.2d 1220 (La.App. 4th Cir. 1978), writ denied 366 So.2d 573 (La.1979); Cain v. Doe, 378 So.2d 549 (La.App. 4th Cir.1979). Nonetheless, vicarious liability will not be imposed when the conduct occurs after the employee has long "abandoned or completed the employment and engages in a folly which is in no manner related to the service of the master." Normand v. City of New Orleans, supra; Schaeffer v. Duvall, supra.
Applying these legal principles to the facts in our case, we find no error in the trial judge's dismissal of the defendant employer.
Although the "time" of the accident was during Finch's normal working hours, the collision occurred at a "place" and as the result of a "causation" unrelated to his employment duties. As captain of his employer's vessel, Finch had a duty to remain on the boat and not to go ashore except for emergencies or food. In violation of his employer's rules, however, Finch and his crew member went ashore on what might be called a purely personal "frolic" that was unrelated to their employment.
Although plaintiffs argue that Finch was acting in the service of the ship by attempting to return to the vessel at the time of the accident, that fact alone does not make the accident fall within the course and scope of his employment. Notwithstanding Finch's attempt to return to the vessel, his action in going ashore to the lounge and "goofing off" for several hours on the levee several miles from the vessel "was such a significant and unpredictable deviation and departure from his employment duties and was so unrelated to the service *275 of the employer as to remove the conduct from the scope of his employment." Normand v. City of New Orleans, supra.
Had the accident occurred while Finch was driving away from the ship to the lounge or to the levee, there would be no question that the incident was unrelated in place or causation to the employment. The mere fact that the collision occurred during the return trip to the vessel does not alter the general character of Finch's deviation from his employment duties. Under these circumstances, as a matter of law, the employer cannot be held liable for the acts of the employee. Accordingly, we find no error in the trial court's summary judgment dismissal of plaintiffs' claims against the defendant employer.
We further reject the employer's claim for damages for frivolous appeal. Although we affirm the trial court's judgment and find no merit to plaintiffs' arguments on appeal, plaintiffs have raised arguable issues, and we cannot say they have taken the appeal without a serious belief in the merits of their contentions. We do not conclude the appeal is frivolous. LSA-C. C.P. Art. 2164; Parker v. Interstate Life & Accident Insurance Co., 248 La. 449, 179 So.2d 634 (1965); Neustadter v. Bridges, 406 So.2d 738 (La.App. 4th Cir.1981).
Accordingly, the judgment is affirmed.
AFFIRMED.