522 So.2d 1198 (1988)
Gregory T. KOGOS
v.
Lee PAYTON, New Orleans Police Dept., et al.
No. CA-8356.
Court of Appeal of Louisiana, Fourth Circuit.
March 10, 1988.
Favret, Favret, Demarest & Russo, J. Paul Demarest, Edward J. Rivera, New Orleans, for plaintiff-appellant Gregory Kogos.
Archie B. Creech, New Orleans, for defendant-appellant Lee Peyton.
*1199 Thomas P. Anzelmo, Lauren A. Welch, McGlinchey, Stafford, Mintz, Cellini & Lang, P.C., New Orleans, for defendant-appellee City of New Orleans.
John Price, Mathews, Atkinson, Guglielmo, Marks & Day, Baton Rouge, for defendant-appellee Louisiana Ins. Guar. Ass'n.
Before GULOTTA, C.J., and KLEES and LOBRANO, JJ.
KLEES, Judge.
This suit arises out of an altercation at Fat Harry's in New Orleans, on August 14, 1982, between plaintiff, Gregory Kogos and defendant, Lee Peyton, an off duty police officer with the New Orleans Police Department. Plaintiff, seeking damages for injuries he sustained in the altercation, filed suit against defendant, defendant's brother, Timothy Peyton, the City of New Orleans, New Orleans Police Department, Henry Morris, Superintendant of Police and Ernest Morial, Mayor of New Orleans. Plaintiff filed a supplemental and amended petition naming as defendants, Transit Casualty Insurance Company (Transit), the City's liability insurer and Louisiana Insurance Guaranty Association (LIGA) due to the insolvency of Transit. Defendant, Lee Peyton supplemented and amended his answer to include a cross-claim against the City and LIGA for the same reason. The trial court granted a motion for summary judgment dismissing Henry Morris, Ernest Morial and the City concluding that Officer Peyton was not acting in the course and scope of his employment when the altercation erupted. Subsequently it granted another summary judgment dismissing LIGA. Plaintiff and defendant, Lee Peyton appeal that portion of the judgment dismissing the City of New Orleans and the judgment dismissing LIGA.
On August 14, 1982, after viewing a fight at Tulane University, defendant-appellant, Lee Peyton and Timothy Peyton went to eat at Fat Harry's, a restaurant and bar on St. Charles Avenue. At the time Lee Peyton was on sick leave from the New Orleans Police Department due to a broken ankle. He went out that night in plain clothes. While the Peytons were at Fat Harry's, plaintiff and a friend, Brian Donahue, arrived. Shortly thereafter, Donahue proceeded to make lewd gestures towards a female friend of the Peytons.
An altercation ensued between Timothy Peyton and Donahue, following which both Peytons left the lounge and went around the corner to Napoleon Avenue. Donahue then followed the Peytons in an attempt to attack Timothy Peyton. The manager of Fat Harry's interceded and pinned Donahue against the wall. At that point, with fists clenched, plaintiff rushed towards Lee Peyton. When plaintiff was about a foot away from Lee Peyton, Peyton hit plaintiff in the face with his fist causing facial injuries. It is undisputed that Lee Peyton left the scene, never identifying himself as a police officer nor seeking medical assistance for plaintiff. As a result of the incident, the Civil Service Commission suspended Lee Peyton from his job with the police department for a period of thirty days finding that he had violated the departmental regulation requiring officers on sick leave to notify their unit when they leave their residence.
The issue before us on appeal is whether or not Lee Peyton was acting within the course and scope of his employment when he injured plaintiff. We, finding no error in the trial court's conclusion, agree that the motions for summary judgment were correctly granted.
Appellants contend the City of New Orleans should be held vicariously liable for the actions of Lee Peyton because allegedly they were conducted in the course and scope of his employment with the City. The applicable test to determine whether an employee's conduct falls within the course and scope of his employment was set forth in LeBrane v. Lewis, 292 So.2d 216, 218 (La.1974). The test is whether, "the employee's tortious conduct was so closely connected in time, place and causation to his employment duties as to be regarded as a risk of harm fairly attributable to the employer's business, as compared with conduct motivated by purely *1200 personal considerations entirely extraneous to the employer's interest." See also Puccio v. Finch, 454 So.2d 272 (La.App. 4th Cir.1984); Cain v. Doe, 378 So.2d 549 (La. App. 4th Cir.1979); Normand v. City of New Orleans, 363 So.2d 1220 (La.App. 4th Cir.1978).
The record in this case indicates that there is little connection between the activities of defendant and his employment as a police officer with the New Orleans Police Department. It is undisputed that on the night of the altercation between plaintiff and defendant, defendant was not on duty but was on sick leave from his job due to a broken ankle. That night he and his brother attended a fight at Tulane University for their own enjoyment. They then went to Fat Harry's to get beer and food. Clearly, defendant's activities that night were not for the benefit of the New Orleans Police Department or the City. While at Fat Harry's Lee Peyton was neither on paid detail nor was he attempting to enforce the law or make an arrest. We can only conclude from the evidence in the record that defendant's decision to hit plaintiff was motivated by purely personal considerations entirely extraneous to the interests of the City of New Orleans and had nothing whatsoever to do with the City of New Orleans or the New Orleans Police Department.
On appeal defendant-appellant alleges the disciplinary action and temporary suspension from his law enforcement duties for violating the departmental regulation relative to sick leave are determinative of vicarious liability. He argues that this fact alone is evidence that he was at all times "on-duty" and under the supervision and control of the City of New Orleans. The fact that an employee is violating the employer's express directions or rules is not necessarily conclusive of the issue of course and scope of employment. Normand v. City of New Orleans, 363 So.2d 1220 (La.App. 4th Cir.1978). In Normand an Audubon Park Zoo employee returned to the zoo after working hours to perform an employment task. After completing the task and in violation of the zoo's rules, the employee took the plaintiff and plaintiff's child into a private cage where the child was bitten by an ape. The Court held that although the employee originally returned to the zoo to perform an employment task, his conduct in taking a child into a private cage, was such a significant and unpredictable deviation from his employment duties and was so unrelated to service of the employer as to remove the conduct from the scope of his employment. The Court, in so holding, said the ultimate determination depends upon the particular facts and circumstances of each individual case.
In the instant case, defendant became involved in a barroom argument which eventually led to plaintiff's injuries. Defendant was not in uniform at the time of the incident. He never identified himself as a police officer nor did he attempt to make an arrest. In fact, the record indicates that in his statement to the New Orleans Police Department's Internal Affairs Department investigating the sick leave violation, defendant said he was aware of the departmental regulation, but that because of the nature of his injury, a broken ankle, he thought he was allowed to leave his residence without notifying ranking officers. This demonstrates that defendant himself considered that he was not within the course and scope of his employment as a police officer when he left his residence on August 14, 1982.
Plaintiff-appellant relies on Cheatham v. City of New Orleans, 368 So.2d 146 (La.App. 4th Cir.1979), aff'd in part, rev'd in part 378 So.2d 369 (La.1979), in arguing that an off-duty policeman who becomes engaged in an altercation is within the course and scope of his employment. Unlike the present case, the record in Cheatman clearly contained a judicial admission by the officers that they were in the course and scope of their employment in an attempt to effectuate an arrest. Additionally, both defendant police officers and the City were represented by the same attorney and had defended the case on the basis of plaintiff's contributory negligence. The record in this matter is replete with affidavits and evidence which established that *1201 Lee Peyton was off duty, on sick leave and in violation of departmental regulations. There is undisputed evidence that defendant failed to identify himself as a police officer or attempted an arrest. In the absence of any counter affidavits, it must be assumed that there is no dispute with regard to the facts set forth in mover's affidavit. Atkinson v. Allstate Insurance Co., 361 So.2d 32 (La.App. 3d Cir.1978), writ den., 363 So.2d 535 (La.1978). The trial court was correct in holding that the Cheatham decision did not support plaintiff's position in this case.
Lastly, appellants contend the trial court improperly granted the motion for summary judgment dismissing LIGA. We disagree. The policy issued by Transit, the City's insurance carrier, provides coverage only for "occurrences" which arise from law enforcement duties. Finding that the defendant was not acting in the course and scope of his employment when he hit plaintiff, we conclude the trial court correctly granted LIGA's motion for summary judgment.
A summary judgment may be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and the mover is entitled to judgment as a matter of law. L.S.A.C.C.P. article 966. Defendants, the City of New Orleans and LIGA, have shown no genuine issues of material fact exist as to whether defendant, Lee Peyton was acting within the course and scope of his employment when he injured plaintiff and therefore are entitled to judgment as a matter of law.
Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.