BRADLEY W. SMITH
v.
PAUL BABIN AND THE CITY OF BATON ROUGE, PARISH OF EAST BATON ROUGE.
No. 2007 CA 0173.
Court of Appeal of Louisiana, First Circuit.
November 2, 2007.
NOT DESIGNATED FOR PUBLICATION.
ON APPEAL FROM THE 19TH JUDICIAL DISTRICT COURT, IN AND FOR THE PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA, TRIAL COURT NO. 498,177, HONORABLE TIMOTHY E. KELLEY, JUDGE PRESIDING.
R. CHRIS OETJENS, Attorney for Plaintiff-Appellant, Bradley W. Smith.
E. WADE SHOWS, RANDY B. LIGH, GWENDOLYN K. BROWN, Attorneys for Defendants-Appellees, City of Baton Rouge/Parish of East Baton Rouge.
BRUCE A. CRAFT, Attorney for Defendant-Appellee, Paul Babin.
Before CARTER, C.J., PETTIGREW, and WELCH, JJ.
CARTER, C. J.
Bradley W. Smith (Smith) filed suit against his former co-worker Paul Babin (Babin) and his former employer, the City of Baton Rouge/Parish of East Baton Rouge (the City/Parish), seeking damages stemming from an incident that occurred between Babin and Smith at one of the City/Parish parking lots on the morning of August 13, 2001. The incident occurred before Smith and Babin had clocked in for work and before they performed any work-related duties at their City/Parish jobs. Smith's petition claims he was injured when Babin intentionally drove his personal vehicle into Smith as Smith walked from his car in the parking lot. Smith alleged Babin was liable for his damages and that the City/Parish was vicariously liable for the intentional act of its employee, Babin, which occurred during the course and scope of Babin's employment and Smith's employment with the City/Parish. In connection with his claim that the City/Parish was vicariously liable for Babin's intentional act, Smith claimed that he was a covered individual within the meaning of the Louisiana Employment Discrimination Act, that he had been subjected to a known pattern of harassment by Babin, and that the City/Parish had breached its duty to provide a safe working environment.[1]
The City/Parish moved for summary judgment, arguing that the alleged intentional act was not within the course and scope of the coworkers' employment since it had occurred before they reported to work for the day and it involved a personal dispute over a parking space, which was unrelated to their employment duties at the City/Parish central garage. Therefore, the City/Parish contended that it could not be held vicariously liable under any legal theory and it was entitled to summary judgment as a matter of law. Following a hearing, the trial court granted partial summary judgment in favor of the City/Parish, dismissing Smith's claims against the City/Parish with prejudice.[2] Smith appealed.[3]
Smith argues on appeal that the trial court erred in dismissing his claims against the City/Parish because there remain material issues of fact in dispute regarding whether Babin's intentional act was within the course and scope of his employment and employment-rooted. Smith also argues that the City/Parish did not address his discrimination claim in its motion for summary judgment, and that therefore, the trial court erred in dismissing all of his claims against the City/Parish.
Initially, we note that the City/Parish's motion for summary judgment was worded very broadly, arguably covering any claim against the City/Parish. Smith's lawsuit is a claim for tort damages. His claim against the City/Parish is based on vicarious liability for the alleged intentional act of a City/Parish employee. Smith alleged that Babin engaged in harassing behavior against him in the workplace, that the City/Parish knew about it, and this is what supposedly led to Babin's alleged intentional tort against Smith. However, regardless of what led to Babin's intentional act against Smith, it is clear from the record that Smith's claim against the City/Parish is based solely in tort, and therefore, the trial court judgment dismissed all of Smith's "claims" against the City/Parish.
Appellate courts review summary judgments de novo, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. Richard v. Hall, 03-1488 (La. 4/23/04), 874 So.2d 131, 137. On a motion for summary judgment, the burden of proof is on the mover. If the moving party will not bear the burden of proof at trial on the matter, that party's burden on a motion for summary judgment is to point out an absence of factual support for one or more essential elements of the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact, and the mover is entitled to summary judgment. The adverse party may not rest on the mere allegations or denials of his pleading. His response, by affidavits or otherwise provided by law, must set forth specific facts showing that there is a genuine issue for trial. See LSA-C.C.P. art. 966C(2); LSA-C.C.P. art. 967; Robles v. ExxonMobile, 02-0854 (La. App. 1 Cir. 3/28/03), 844 So.2d 339, 341.
We have thoroughly reviewed the evidence in the record and agree with the trial court's conclusion that summary judgment in favor of the City/Parish was appropriate in this case. In support of its motion for summary judgment, the City/Parish submitted evidence showing a lack of factual support for two essential elements of Smith's tort damage claim, i.e., that Babin's intentional act was committed during the course and scope of his employment and that the act was related to the performance of a work-related duty. It is undisputed that neither Smith nor Babin had clocked into work or had otherwise begun their work duties at the time of the alleged incident. It is also undisputed that neither Smith's nor Babin's work duties involved monitoring parking spaces or had anything remotely to do with the City/Parish parking lot.
After the City/Parish submitted evidence showing the lack of factual support for Smith's claims, Smith was required to come forward with evidence to support his allegations. Smith failed to bring forth any evidence to show that Babin's alleged intentional act against Smith in the City/Parish parking lot was even partially motivated by an intent to serve the interests of the City/Parish or that it was reasonably incidental to the performance of any of Babin's work-related duties. See Richard, 874 So.2d at 138-139; Ermert v. Hartford Ins. Co., 559 So.2d 467, 477 (La. 1990); Ellender v. Neff Rental, Inc., 06-2005 (La. App. 1 Cir. 6/15/07), ___ So.2d ___, ___. We do not find the fact that a disciplinary report was generated by the City/Parish against Babin for his intentional act against a co-worker that occurred on City/Parish property to be evidence supporting a relationship between the incident and the employment so as to bring it within the course and scope of Babin's employment. See Hanson v. Benelli, 97-1467 (La. App. 4 Cir. 9/30/98), 719 So.2d 627, 635, writ denied, 98-2754 (La. 1/8/99), 735 So.2d 632; Kogos v. Payton, 522 So.2d 1198, 1199-1200 (La. App. 4 Cir. 1988). Thus, Smith has not shown that he would be able to satisfy his evidentiary burden of proof at trial. His unsubstantiated arguments and conclusory allegations to the contrary are without merit.
Accordingly, we affirm the trial court's judgment in accordance with Uniform Rules  Courts of Appeal, Rule 2-16.2A(2), (4), (6), and (8). All costs associated with this appeal are assessed against Bradley W. Smith.
AFFIRMED.
WELCH, J. DISSENTS.
I believe there are genuine issues of material fact precluding the entry of summary judgment on plaintiff's vicarious liability claim against the City/Parish. I also believe that the trial court erred in dismissing this lawsuit in its entirety when the motion for summary judgment failed to address the discrimination claim. Therefore, I respectfully dissent.
In its motion for summary judgment, the City/Parish urged that as a matter of law, it could not be held liable for Babin's conduct because his intentional act: (1) occurred before Smith or Babin clocked in, reported to work, or performed any duties for the City/Parish; (2) happened in a general parking lot where the DPW Central Garage employees parked that was also accessible to the general public; and (3) occurred at a time when neither employee was under the supervision or control of the City/Parish. Based on these facts, the City/Parish urged that plaintiff could not prove that the incident occurred during the course of the employment, an essential element of his case.
However, there is also evidence on the motion for summary judgment from which a relationship between the incident and the employment can be found. The record reflects that the City/Parish disciplined Babin for striking Smith with his vehicle in the parking lot. A disciplinary report was generated after the incident, in which a memorandum from Terry Blades, a manger for the Central Garage Division, was set forth. In the memorandum, Blades observed that that there had been an ongoing dispute between Babin and Smith over the way Smith had been parking his vehicle. Babin was found to have violated DPW Work Rules, Rule I, Section E-5 regarding "[i]nflicting or attempting to inflict bodily injury on City-Parish time or property for any reason or attempting to inflict bodily injury anywhere at any time in any dispute involving one's employment" and Rule I, Section E-6, regarding "using profane or abusive language in addressing another person on City-Parish time or property."
The majority opinion stresses the fact that neither Smith nor Babin had clocked into work and that their work duties did not involve monitoring parking spaces. However, these facts do not bring Babin's intentional act outside the course and scope of the employment as a matter of law.
Instead, in determining whether an employer can be held vicariously liable for the intentional tort of its employee, the totality of the circumstances regarding the relationship between the intentional act and the employment must be examined. Under the jurisprudence, an employer is responsible for an employee's intentional tort when the conduct is so closely connected in time, place, and causation to the employment that it constitutes a risk of harm attributable to the employer's business. LeBrane v. Lewis, 292 So.2d 216 (La. 1974). In LeBrane, 292 So.2d at 218, the court considered the following factors in determining whether an employer could be held liable for its supervisor's actions in stabbing a coemployee: (1) whether the tortuous act was primarily employment-rooted; (2) whether the act was reasonably incidental to the performance of the employee's duties; (3) whether the act occurred on the employer's premises; and (4) whether the act occurred during the hours of employment. It is not necessary, however, that all four factors be met in order to find liability. Baumeister v. Plunkett, 95-2270, p. 4 (La. 5/21/96), 673 So.2d 994, 997.
In Menson v. Taylor, XXXX-XXXX (La. App. 1st Cir. 6/7/03), 849 So.2d 836, this court surveyed the jurisprudence relating to workplace violence and the imposition of vicarious liability on an employer. This court observed that where an altercation between two employees occurs during work hours and on the business premises, and that altercation can be said to be employment-rooted, vicarious liability generally has been found. Vicarious liability was imposed on the employer in Menson where its employee brutally assaulted a fellow employee following an employment dispute occurring during work hours and on the work premises. See also Benoit v. Capitol Manufacturing Company, 617 So.2d 477 (La. 1993) (finding an intentional act was employment-rooted where two coemployees fought over whether a door to the workplace should be left open because of the temperature); LeBrane, supra (imposing vicarious liability on an employer where the employee who committed the violent act was acting for his employer in discharging a recalcitrant co-employee); Cowart v. Lakewood Quarters Ltd. Partnership, XXXX-XXXX (La. App. 1st Cir. 5/4/07), 961 So.2d 1212 (imposing vicarious liability on an employer where an employee beat a supervisor with a metal object after the supervisor informed the employee that she was being terminated).
In the instant case, the incident occurred in the employee parking lot shortly before the employees clocked in for work. Where an employee is injured on the employer's premises before "clocking in" or shortly after "clocking out," courts have generally found that the injury occurred during the course of the employment. See Carter v. Lanzetta, 249 La. 1098, 193 So.2d 259 (La. 1966) (finding an employee who remained on the employer's premises 30 minutes after her shift had ended and sustained an injury upon exiting the door to her employer's business was in the course of her employment); Francisco v. Harris Management Co., 94-136 (La. App. 3rd Cir. 10/5/94), 643 So.2d 386 (finding an employee's accident, which occurred in her employer's parking lot 15 minutes before her shift began, arose out of and was in the course of her employment).
Additionally, the incident stemmed from a dispute between two employees over a parking space in their employer's parking lot, and the City/Parish disciplined Babin for the conduct. Given that the intentional tort occurred in the employee parking lot shortly before work and that it has some employment connection, I find that there is a genuine issue of material fact as to whether the incident in question is sufficiently connected in time, place, and causation to the employment to render the City/Parish vicariously liable. Therefore, summary judgment on the issue of liability was inappropriate.
Additionally, the summary judgment ruling did not address Smith's employment discrimination claims. In its motion for summary judgment, the City/Parish only challenged Smith's ability to succeed on the vicarious liability claim. The City/Parish did not file any exception or motion relating to the discrimination claim, and it was not before the trial court when it ruled on the motion for summary judgment. Accordingly, the trial court erred in dismissing this lawsuit in its entirety when there was another cause of action asserted in the petition that was never challenged by the City/Parish.
NOTES
[1] Additionally, Smith filed a supplemental and amending petition naming State Farm Mutual Automobile Insurance as his personal UM carrier. However, the UM claim was later dismissed after a settlement and is not at issue in this appeal.
[2] The partial summary judgment is silent as to Smith's claim against the remaining defendant, Babin; however, a judgment dismissing the City/Parish as a party defendant constitutes a final partial summary judgment by definition. See LSA-C.C.P. arts. 1911 and 1915A(1), (3); Doe v. Breedlove, 04-0006 (La. App. 1 Cir. 2/11/05), 906 So.2d 565, 569 n.5.
[3] This court, ex proprio motu, ordered the trial court to supplement the record with the missing transcript of the summary judgment hearing and the missing memoranda in support and opposition of the City/Parish's motion for summary judgment. Therefore, we hereby deny as moot Smith's motion to allow attachments to his brief.